**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-36

DEWING HICKERSON

VERSUS

STATE OF LOUISIANA, THROUGH THE
DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES , NO. 2003-5522-A,
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**MICHAEL G. SULLIVAN**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

**AFFIRMED.**

**J. Albert Ellis**
**Louisiana Department of Justice**
**Post Office Box 1710**
**Alexandria, Louisiana 71309**
**(318) 487-5944**
**Counsel for Defendant/Appellee:**
    **State of Louisiana, Department of Public Safety & Corrections**

**Dewing Hickerson**
**Avoyelles Correctional Center**
**1630 Prison Road**
**Cottonport, Louisiana 71327**
**Counsel for Plaintiff/Appellant:**
    **Dewing Hickerson**

SULLIVAN, Judge.

Dewing Hickerson, an inmate in the Avoyelles Correctional Center, appeals a general damage award of $450.00 for several spider bites that he sustained while incarcerated in that facility. Finding no error, we affirm.

**Procedural History**

On October 7, 2003, Mr. Hickerson, while represented by legal counsel, filed a petition for damages against the State, through the Department of Public Safety and Corrections ("the State"), alleging that he sustained four bites from brown recluse spiders, with at least one bite requiring surgical treatment, in October and November of 2002 while incarcerated at the Avoyelles Correctional Center. The trial court later consolidated his case with those of three other inmates, Prentiss Perry, Llewellyn Franklin, and Joshua LeBoeuf, who also filed claims alleging to have been bitten by spiders at the same facility.

In a bench ruling on July 18, 2005, after a trial on the merits in which all four Plaintiffs were represented by the same counsel, the trial court dismissed the claims of Mr. Franklin and Mr. LeBoeuf without prejudice for failing to exhaust their administrative remedies and ruled in favor of Mr. Hickerson and Mr. Perry. The judgment in favor of Mr. Hickerson, which was signed on July 21, 2005, awarded him $450.00 in general damages, plus a total of $90.98 in costs of obtaining medical records, and recognized a lien in favor of the Huey P. Long Medical Center for medical expenses of $2,815.07.[1]

On October 28, 2005, Mr. Hickerson, no longer represented by counsel, filed a motion to proceed in *forma pauperis*, which the trial court denied that same day. On November 15, 2005, Mr. Hickerson filed a motion for appeal in the trial court,

---

[1]The judgment in favor of Mr. Perry, who is not involved in this appeal, awarded him $200.00 in general damages and $17.00 in medical records costs.

referencing the October 28, 2005 judgment denying pauper status. However, in his appellate brief later filed with this court, he raised issues challenging the judgment on the merits rendered on July 21, 2005. Meanwhile, Mr. Hickerson successfully sought reconsideration of the denial of his pauper status in the trial court on December 27, 2005.

**Timeliness of the Appeal**

In its appellate brief, the State argues that Mr. Hickerson's appeal is untimely because, even if his motion to appeal the denial of his pauper status can be construed as an appeal of the judgment on the merits, that pleading was filed well beyond the deadline for perfecting a devolutive appeal. For the following reasons, we decline to dismiss Mr. Hickerson's appeal as untimely.

In *White v. Rogers*, 04-1434, p. 3 (La.App. 5 Cir. 4/26/05), 905 So.2d 1088, 1089, *writ not considered*, 05-2524 (La. 3/31/06), 925 So.2d 1249, the fifth circuit was faced with *pro se*, indigent plaintiffs who appealed from a "judgment that . . . does not exist." More specifically, in their motion for appeal, the plaintiffs referenced a judgment of a certain date that was not found in the record. Nonetheless, because of the plaintiffs' status, as both *pro se* litigants and paupers, and because the court was able to determine that they intended to appeal the judgment on the merits, the court went on to address the merits of their appeal. In the present case, Mr. Hickerson's motion for appeal referenced the October 28, 2005 judgment denying his pauper status, but his brief filed in this court raises issues stemming from the July 21, 2005 judgment on the merits. Considering the same factors as the court did in *White*, that the Plaintiff is a *pro se* litigant proceeding in *forma pauperis* and

that his intent to appeal the judgment on the merits is evident from his brief, we will construe the motion for appeal as one pertaining to the judgment on the merits.

We turn now to the timeliness of that motion. We first note that the record does not reflect the date of the mailing of notice of the July 21, 2005 judgment on the merits, which date would determine when the appellate delays for a devolutive appeal would commence.[2] "In the absence of a proper (dated) notification to counsel of the judgment having been signed, there is uncertainty as to date, and that doubt must be resolved in favor of the right to appeal." *Penalber v. Blount*, 405 So.2d 1376, 1377 (La.App. 1 Cir.1981).[3] In its appellate brief, the State represents that the notice of judgment was mailed on July 25, 2005. Even accepting this statement as true, however, we still would not dismiss the appeal as untimely. Pursuant to the delays set forth in the Louisiana Code of Civil Procedure, Mr. Hickerson had until October 3, 2005 to file for a devolutive appeal. Hence, his motion filed on November 15, 2005 would not have been considered timely under usual circumstances. However, under the "emergency suspension of prescription, peremption and other legal deadlines" in the executive orders issued by Governor Blanco after Hurricanes Katrina and Rita, the deadline for filing that motion was suspended as of August 29, 2005. Additionally, pursuant to La.R.S. 1:55(E)(2), this court issued an order for its closure as of September 27, 2005. The emergency

---

[2]*See* La.Code Civ.P. art. 1913(A) (requiring notice of signing a final judgment in all contested cases); Article 1974 (providing that the seven-day delay for applying for a new trial shall commence on *the day after the clerk has mailed the notice of judgment as required by Article 1913*) (emphasis added); and Article 2087(A)(1) (providing that a devolutive appeal may be taken within sixty days of the expiration of the delay for applying for a new trial, if no application has been filed timely).

[3]We note that the jurisdictional index prepared by the trial court indicates that the "JUDGMENT OR ORDER APPEALED FROM SIGN[ED]" is "07-21-05," and the line for "NOTICE OF JUDGMENT MAILED ON" has been left blank. However, the notice of appeal indicates that the October 28, 2005 judgment is the one that is being appealed.

suspension ordered by the governor as well as this court's closure would lead us to conclude that the motion for appeal was timely. For these reasons, we will address the merits of his appeal.

## Judgment on the Merits

Mr. Hickerson has not designated any assignments of error, but in his appellate brief, he argues that the amount of damages awarded by the trial court is insufficient, particularly when considering that he sustained the painful removal of tissue, with resulting permanent scarring, on his upper left arm. He also asks this court to order that additional evidence be admitted into the record regarding an alleged claim of post-traumatic stress disorder.

This court's review of a general damage award is guided by *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994) (emphasis added), wherein the supreme court stated:

> [T]he discretion vested in the trier of fact is "great," and even vast, so that *an appellate court should rarely disturb an award of general damages*. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

In the present case, Mr. Hickerson testified that he was bitten at least four times by brown recluse spiders, with the last bite becoming infected and requiring surgical treatment at Huey P. Long Medical Center in Pineville, Louisiana. He described being in "excruciating" pain after the last bite and being unable to move his left arm before being taken to the hospital. He also testified that he had been seeing a psychiatrist at the correctional facility. Records from the medical center indicate that he required surgical debridement of the left arm and treatment with antibiotics due

4

to a staph infection. A photograph of Mr. Hickerson dated November 23, 2002, which was taken shortly after treatment, reveals a wide scar on his upper left arm. In awarding general damages, the trial court noted that Mr. Hickerson still had a "nasty scar" near the left shoulder from the last bite, but also found that he sustained no permanent problems from the earlier bites.

An appellate court may not disturb an award of general damages absent a clear abuse of discretion. *Rizzo v. Nichols*, 03-1394 (La.App. 3 Cir. 3/3/04), 867 So.2d 73. Based upon the evidence before us, we cannot conclude that the trial court abused its discretion in the amount of general damages awarded. When testifying about his pain, Mr. Hickerson mentioned only one occasion, which was after the final bite that became infected. Although the record contains numerous passes for him to go to the infirmary, the passes do not reveal the medical reasons for those visits. The picture of his scar in the record was taken shortly after his treatment at Huey P. Long Medical Center in 2002. The trial court was given the opportunity to view how that scar healed at trial in 2005. Additionally, given the delay from the time of injury in 2002 through the time of trial in 2005, Mr. Hickerson had ample opportunity to present a claim for post-traumatic stress disorder; however, there is no evidence in the record supporting such a claim. Based on the above, we decline to disturb the trial court's judgment.

### Decree

For the above reasons, the judgment of trial court is affirmed. Because Mr. Hickerson is a pauper, we decline to assess costs of this appeal to him at this time.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal.  Rule 2-16.3.