BOUTALL, Judge.
Our examination of this record revealed that the appeal was untimely filed, indicating a lack of jurisdiction of this court, and we issued on our own motion a rule to show cause why the appeal should not be dismissed.
The record shows that one of the defendants, Select Insurance Company, filed a motion for summary judgment which was tried on September 2, 1977 resulting in a judgment of dismissal of the suit against Select Insurance Company on September 27, 1977. On August 22, 1978, some eleven months later, the plaintiff filed a motion for a new trial, which after hearing, was denied on November 2,1978. On November 7, plaintiff filed a motion for a devolutive appeal which was granted on November 10th. The issue before us is simply whether the appeal was timely taken.
It is apparent from the face of the record that the judgment of September 27, 1977, had long since become final before motion was made for a new trial. C.C.P. Article 1974 governs the delay for applying for a new trial. Appellants’ sole defense is that the Clerk of Court was required to provide notice of judgment to all counsel of record, C.C.P. Article 1913, in this case and that the Clerk failed to provide such notice. Accordingly, he contends that the 7 day period for *1218 new trial application never began to run. The only evidence to support his contention is his insistence that he did not receive a copy of the notice.
However, the record shows certificates of the Clerk of Court dated September 27, 1977 stating that he mailed the notice of judgment to appellant. The hearing on the motion for a new trial was over this issue of mailing-, and the court in detailed reasons for judgment found that the Clerk had in fact mailed the notices of judgment and that Select Insurance Company’s counsel had received his copy. The court found appellants’ statement of non-receipt unsatisfactory and denied the motion for a new trial.
We agree with the finding of the trial judge that notices of judgment were sent, and accordingly appellants’ time for applying for new trial began on the day after mailing. Appellants’ time to take his devol-utive appeal, C.C.P. Article 2087, began at the expiration of the delay for applying for new trial because no application for new trial had been timely filed. The appellants exceeded that time by almost a year. Accordingly, we dismiss appellants’ appeal at its costs.
APPEAL DISMISSED.