COVINGTON, Judge.
ON SHOW CAUSE ORDER TO DISMISS APPEAL
In this tort suit, plaintiff was awarded the principal sum of $14,500. The Livingston Parish Police Jury was the party cast in judgment. Because of the apparent, unusual time lapse between the date of judgment, January 29, 1980, and the filing of the Police Jury’s petition for a suspensive appeal, November 4, 1980, (the order was signed November 24, 1980), we issued an order for the appellant to show cause why the appeal should not be dismissed as untimely. Appellant and appellee have filed briefs on this issue.
The key issue is whether the requisite notice of judgment was mailed to the appellant. Trial was had on November 27, 1979, taken under advisement, and written Findings of the Court (Reasons for Judgment) were handed down on January 22, 1980. A week later, judgment was signed.
Under the provisions of the second paragraph of LSA-C.C.P. art. 1913, the parties were entitled to written notice of judgment from the office of the Clerk of Court: “Except as otherwise provided by Article 3307 [irrelevant here], when a case has been taken under advisement by the court notice of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.”
The record must reflect that this has been done; LSA-C.C.P. art. 1913, fourth paragraph:
“The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.”
A diligent search of the record does not indicate that these mandatory duties were executed. The only copy of a notice of judgment is one certified by the Deputy Clerk of Court on October 31,1980. It does not indicate on what date it was mailed, if in fact it was mailed.
LSA-C.C.P. art. 1974 provides that the seven days delay for applying for a new trial does not commence until the day after the Clerk has mailed the notice required by Article 1913.
Under LSA-C.C.P. art. 2123, a suspensive appeal may be taken within thirty days of the expiration of the delay for applying for a new trial, as provided by article 1974, if no application is filed timely.
There is nothing in the record to indicate the critical date from which the delays for applying for a new trial, or the delays for appealing, could be tolling. Appeals are favored under our law and jurisprudence. In the absence of a proper [dated] notification to counsel of the judgment having been signed, there is uncertainty as to date, and that doubt must be resolved in favor of the right to appeal. Ouachita Equipment Rental, Inc. v. Dyer, 386 So.2d 193 (La.App. 3 Cir. 1980); Moon v. Moon, 244 So.2d 301 (La.App. 1 Cir. 1970); Wilson v. McNabb, 152 So.2d 352 (La.App. 1 Cir. 1963).
*1378 For the reasons assigned, we find that the appeal is timely. Therefore, we recall and vacate our Rule to Show Cause why the appeal should not be dismissed.
RULE TO SHOW CAUSE RECALLED AND VACATED.