457 So.2d 1276 (1984)
Sylvia Gayle BOYLE
v.
TANGIPAHOA PARISH POLICE JURY, et al.
No. 84 CM 0948.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*1277 Bruce Bennett, Hammond, for plaintiff.
Stacey Moak, Baton Rouge, for defendant-State D.O.T.D.
Gail Sheffield, Asst. Dist. Atty., Amite, for defendant-Tangipahoa Parish Police Jury.
Before SAVOIE, LANIER and CRAIN, JJ.
CRAIN, Judge.
This Court issued an order to show cause why this appeal should not be dismissed pursuant to a motion to dismiss filed by appellee on the ground that the appeal was not timely perfected.
At the time the motion was filed, the appeal record had not been lodged with this court. The matter was given docket number CM 84/0948. Subsequently, the record was lodged as number CA 84/0986.
The record herein reveals the following pertinent dates and facts:[1]
1. January 27, 1983trial on the merits and case taken under advisement;
2. September 16, 1983judgment signed;
3. October 7, 1983notice of judgment mailed;
4. October 14, 1983motion for new trial filed by appellant;
5. December 16, 1983hearing on appellant's motion for new trial;
6. December 20, 1983request for notice of ruling (on motion for new trial) filed by appellant;
7. January 23, 1984denial of motion for new trial;
8. January 25, 1984notice of denial of motion for new trial mailed;
9. May 2?, 1984 (not clear, but certainly not earlier)motion for suspensive appeal filed by appellant;
10. May 21, 1984order of suspensive appeal signed.
It is quite clear that the appeal was not taken within the delay prescribed by La.C.C.P. art. 2123 for suspensive appeals, nor even within the delay prescribed by La.C.C.P. art. 2087 for devolutive appeals. Appellant, however, argues that the appeal should be considered as timely because either 1) the clerk of court did not properly certify the mailing of the notice of the denial of the motion for new trial, or 2) appellant's attorney never actually received the notice.
Notice of the denial of the motion for new trial was necessary under La.C. C.P. art. 1914 because the matter was not ruled upon at the hearing and therefore must have been taken under advisement. (The record does not contain a minute entry *1278 on the hearing date. However, the written denial of new trial reflects that the matter was heard and decided on different dates.) Hence it is necessary to address the contentions of appellant relative to the deficiencies of the notice.

CLERK'S CERTIFICATE
Appellant's argument is not clear, but it seems to raise the issue of the sufficiency of the clerk's certificate of notice of denial of the motion for new trial.
The notice herein is complete. It lists appellant's attorney as a recipient. It is dated January 25, 1984, and signed by a Deputy Clerk of Court. It states that appellant's motion for new trial was denied on January 23, 1984, and refers to a copy of the ruling attached thereto.
The matter herein is governed by La.C. C.P. art. 1914, requiring notice in only very general terms. La.C.C.P. art. 1913, regarding notice of a final judgment, is more particular, providing that the clerk shall file a certificate in the record which sets forth specific information. Even with regard to the formal certificate required by La.C.C.P. art. 1913, this court has found that a copy of a letter addressed to one counsel, clearly indicating duplicate copies to all counsel of record, satisfies the requirement of certification. Great American Insurance Companies v. East, 264 So.2d 761 (La.App. 1st Cir.1972).
The certificate herein meets the notice requirement of La.C.C.P. art. 1914, and, in fact, meets the certification requirements of La.C.C.P. art. 1913.

RECEIPT OF NOTICE
Appeal delays begin upon the mailing of the notice of the denial of a new trial when such notice is required by La.C. C.P. art. 1914. La.C.C.P. arts. 2087(3) and 2123(3). However, while a clerk's certificate is presumed to be correct, it may be refuted or amended or corrected, at a proper proceeding, when it is shown to be in error. See Haywood v. Salter, 421 So.2d 1190 (La.App. 2d Cir.1982). See also Clark v. Rosemond, 371 So.2d 1217 (La.App. 4th Cir.1979).
Herein, appellant alleges no support for its contention that it never received the notice. However, in the interest of justice we will remand this case for a hearing and a decision by the trial court on the issue of whether the Clerk of Court mailed notice of judgment in compliance with La.C.C.P. art. 1913.
REMANDED.
NOTES
[1] There were other parties and other appeals. However, they are not pertinent to the issue herein.