464 So.2d 1064 (1985)
ROY FINK, INC., etc.
v.
STATE of La., D.O.T.D.
Michael SCHEXNAYDRE, et al.
v.
STATE of La., D.O.T.D.
Ralph Matthew JACOB, et al.
v.
Roy FINK, et al.
Nos. 84 CM 1210 to 84 CM 1212.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
Writs Denied April 19, 1985.
*1065 Douglas R. Cyrex, Gonzales, for Roy Fink, appellee.
Michael R. Guidry, New Orleans, for Michael Schexnaydre, appellee.
Alan J. Robert, Gonzales, for Ralph M. Jacob, appellee.
Samuel R. Cicero, Baton Rouge, for State, appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
This matter is before us on plaintiff-appellees' motion to dismiss defendants' unlodged appeal, as having been untimely filed.
This case involves consolidated wrongful death and personal injury suits against the State of Louisiana, Department of Transportation and Development (defendant) as a result of an automobile collision. The case was taken under advisement, and written reasons for judgment were rendered on April 11, 1984. Judgment was signed on April 30, 1984. On August 2, 1984, the defendant through its attorney Samuel R. Cicero received an affidavit from the Clerk of Court stating that a judgment had been signed on April 30 and that the appeal delays had expired.
Defendant was granted a suspensive appeal on August 9, 1984, and plaintiffs have filed this motion to dismiss the unlodged appeal as untimely. Plaintiffs argue that the appeal delays have expired, and include in their brief a copy of a form letter from the Clerk dated May 8, 1984, which informed them that judgment was read, rendered and signed on April 30, 1984. It also contained a "c.c." notation at the bottom apparently indicating that a copy was being mailed to Cicero. They claim that this letter filed in the record[1] meets the LSA-C. C.P. art. 1913 requirement of a certificate showing the date and addresses of the mailed notice of judgment, and that since notice was mailed to Cicero, all relevant delays have expired. Cicero states in brief that since he moved his office one-half block in 1982 he has had no trouble with receipt of his mail, but concludes that the clerk must have "mailed the judgment to the [old] address and it was never received." Alternatively, he argues against dismissal of the appeal "since the record is still devoid of the certificate of the Clerk...."
LSA-C.C.P. art. 1913 requires that when a case has been taken under advisement by the court, notice of the signing of the final judgment shall be mailed by the Clerk of Court to counsel for the respective parties, and the Clerk shall file a certificate in the record showing the date on which, and counsel and parties to whom, notice of the signing of judgment was mailed. Under LSA-C.C.P. art. 1974 the seven-day delay for applying for a new trial commences on the day after the Clerk has mailed the notice of judgment under LSA-C.C.P. art. 1913, and under articles 2087 and 2123, the delays for applying for devolutive and suspensive appeals commence upon the expiration of the delay for applying for a new trial, where no application has been filed timely.
The issue we face, then, is whether the presence in the record of a copy of the letter addressed to and received by plaintiffs' counsel (with a "c.c." notation at the bottom apparently indicating mailing to defendant's counsel) suffices as the "certificate" required by article 1913.
After perusing the patchwork jurisprudence interpreting article 1913, we find that there are two divergent lines of interpretation. We choose to follow the more popular line, which favors the right of appeal in cases where it is not clear from the record that there has been compliance with the relevant Code articles or that the delays have expired. This line is typified by the decisions in Penalber v. Blount, 405 So.2d 1376 (La.App. 1st Cir.1981) and Ouachita *1066 Equipment Rental, Inc. v. Dyer, 386 So.2d 193 (La.App. 3rd Cir.1980).
In Penalber v. Blount, 405 So.2d at 1377, this court stated that "the parties were entitled to written notice of judgment from the Clerk of Court" under article 1913. It found that:
[a] diligent search of the record does not indicate that [the article 1913] mandatory duties were executed. The only copy of a notice of judgment was one served by the Deputy Clerk of Court on October 31, 1980. It does not indicate on what date it was mailed, if in fact it was mailed.
. . . . .
There is nothing in the record to indicate the critical date from which the delays for applying for a new trial, or the delays of appealing, could be tolling. Appeals are favored under our law and jurisprudence. In the absence of a proper [dated] notification to counsel of the judgment having been signed, there is uncertainty as to date, and that doubt must be resolved in favor of the right to appeal.
Thus, where the notice of judgment in the record did not indicate the fact of mailing or the date of mailing, this circuit found it insufficient to fulfill the certification requirement of article 1913. Note the similar holding in Ouachita Equipment Rental, Inc. v. Dyer, where the court found that the record did not reveal that notice was ever sent, and therefore the delays did not begin to run and the appeal was timely.
An alternative and less widely accepted line of jurisprudence exists finding these appeals untimely based on creative construction of article 1913, typified by Trailwood Forest-Calcasieu, Limited v. Coursey, 372 So.2d 615 (La.App. 3rd Cir.1979), and Great American Insurance Companies v. East, 264 So.2d 761 (La.App. 1st Cir.1972). The appeals are found to be untimely in these cases after the courts construe the "certification" requirement to be fulfilled by the presence in the record of a copy of the notice of judgment mailed to the other parties. These decisions illustrate instances of courts bending over backward, when faced with an appellant's counsel who apparently did receive a notice, in an effort not to allow him an otherwise untimely appeal solely on the basis of something as technical as the court's construction of the "certificate" requirement of article 1913.
We prefer to distinguish Great American and Trailwood Forest and follow the Penalber and Ouachita line of jurisprudence favoring appeal in cases where it is not clear from the record that there has been compliance with the relevant Code of Civil Procedure articles and the appropriate delays have expired. Turning our attention to the copy of the notice which we are asked to consider a certificate, we note that although the letter itself is dated May 8, 1984, the Clerk's stamp is dated August 23, 1984. This recording stamp was placed on the letter over three months after the date of alleged mailing. An affidavit executed by the Clerk on July 21, 1984, accompanies the letter and states that the notice was mailed to all parties on May 8. It appears that this flurry of paperwork, over two months after judgment was signed, was in anticipation of conflict over this certification issue. We therefore find this letter and this affidavit insufficient to fulfill the article 1913 requirements. The article requires a certificate filed in the record to show the date of mailing; an affidavit executed 2½ months after the alleged mailing and made part of the appellees' brief will not suffice. Likewise, we cannot allow the presence in the record of the dated letter to serve as the certificate showing the date as required by LSA-C.C.P. art. 1913. To defeat an appeal through circuitous construction of the "certificate" requirement clearly would not serve the ends of justice. We find ourselves in total agreement with the wisdom of Judge Tate, then a judge of the Third Circuit Court of Appeal, in Bielkewicz,[2] wherein he wrote regarding article 1913:
The evident purpose of this provision is to avoid uncertainty as to the extinction *1067 of favored rights of appeal and to prevent disputes such as the present. In the absence of such a certificate, doubts should be resolved in favor of the right to appeal.
For the foregoing reasons, the motion to dismiss is denied.
DENIED.
NOTES
[1] Since this is an unlodged appeal, we do not have the record before us and cannot determine whether a copy of the letter found in plaintiffs' briefs has been filed in the record. However, for the purposes of this opinion we will assume that it was so filed.
[2] Bielkewicz v. Ins. Co. of North America, 201 So.2d 130, 134 (La.App. 3rd Cir.1967).