REQUESTS FOR REHEARING AND ORAL ARGUMENT DENIED.
PER CURIAM.
The order of the trial court signed on December 10, 1987, was a final judgment. La.Code Civ.P. art. 1841. A judgment, like a pleading, is governed by its substance rather than its caption. Cf. Acadiana Bank v. Hayes, 498 So.2d 275 (La.App. 1st Cir.1986); Bryant v. Middlebrooks, 486 So.2d 188 (La.App. 1st Cir.1986). Notice of the signing of the final judgment is required when the trial court takes the matter under advisement, as it did in the present case. La.Code Civ.P. art. 1918. Appellant admits receiving a copy of the letter from the deputy clerk of court to the attorney who represented it at that time, advising counsel of the rendition of the judgment signed on December 1, 1987, and stating that a copy of that order was enclosed. The letter constitutes a sufficient notice of judgment, and in this case, it also satisfies the certification requirement of Louisiana Code of Civil Procedure article 1913. See Great American Insurance Companies v. East, 264 So.2d 761 (La.App. 1st Cir.1972); cf. Boyle v. Tangipahoa Parish Police Jury, 457 So.2d 1276 (La.App. 1st Cir.1984).
The case of Roy Fink, Inc. v. State, D.O.T.D., 464 So.2d 1064 (La.App. 1st Cir.1985), writ denied, 467 So.2d 539 and 541 (La.1985), is easily distinguishable from the present case. In Roy Fink, Inc., supra, appellants contended they had not received notice of judgment, and the record did not clearly show that notice had been sent to the parties. In the present case, appellant admits it received the letter notifying it of the signing of the order on December 10, 1987, which dismissed the concursus. If we were to consider appellant’s suspensive appeal filed on May 1, 1989, as having been taken from the December 10, 1987, judgment, the appeal clearly would be untimely.