JRBROUILLETTE, Judge Pro Tern.
Sidney Beagle and Marlene Beagle, the paternal grandparents of the minor, Sky Elizabeth Beagle, brought this action for visitation rights with their 12granddaughter naming the child’s mother, Loretta Beagle, as the defendant. The child’s father is deceased and La.R.S. 9:344 authorizes grandparents’ visitation under those circumstances if the court finds that it is in the best interest of the child. For convenience, Sidney and Marlene Beagle will be referred to as the grandparents and Loretta Beagle will be referred to as the mother.
Following a hearing, the court granted visitation to the grandparents and suggested that the parties confer in a recess and attempt to agree on the particulars of visitation. After a recess, the parties returned to *423 the courtroom and counsel for the grandparents recited into the record a stipulation relating to visitation but the stipulation failed to include all of the necessaiy details.
Later, each attorney prepared a judgment and submitted it to the court for signing. There were differences in the proposed judgments and the trial court chose to sign the judgment prepared by counsel for the grandparents. The mother has appealed asserting that the judgment does not reflect the stipulation of the parties and that it was error for the court to sign it.
MOTION TO DISMISS APPEAL
Counsel for the grandparents moved to dismiss the appeal on the grounds that it was not timely filed. The determination of the appeal period requires reference to La.Code Civ.P. arts. 1913, 1974, 2087, 3942 and 3943. Combining the applicable parts of those articles as they relate to this case: a) notice of judgment must be mailed to counsel and the clerk must file a certificate of mailing in the record; b) an application for a new trial must be filed within seven days, exclusive of legal holidays, after mailing of notice of judgment; and e) if no application for a new |,3trial is filed, an appeal must be filed within thirty days after the expiration of the delay for applying for a new trial.
Notice of judgment pursuant to Article 1913 was mailed on October 19, 1994. The seven day period to apply for a new trial began to run on October 20 and ended on October 28, excluding the Saturday and Sunday within that period. The thirty day appeal period began to run on October 29 and because the 30th day was Sunday, November 27, the last day for filing would have been November 28. The appeal was filed on November 29, 1994, one day later.
Counsel for the mother states that he did not receive a notice of judgment from the clerk of court and his first notice was November 21 when it was sent to him by opposing counsel by facsimile transmission. He contends that on that basis, the appeal could have been filed as late as December 30, 1994. Separate affidavits of counsel and his secretary that the notice of judgment was not received are a part of the opposition to the motion to dismiss the appeal.
The record reflects that the notice of judgment was mailed on October 19, 1994 and a certificate of mailing was filed in the record. Certified mailing is not required and the notice was not sent by certified mail. Consequently, there is no proof of receipt of the notice in the record.
The application of Article 1913 has been troublesome to the courts in cases where the timeliness of appeal is at issue. See In re Layrisson, 558 So.2d 258 (La.App. 1 Cir.), writ denied, 559 So.2d 1387 (La.1990); Roy Fink, Inc. v. State, D.O.T.D., 464 So.2d 1064 (La.App. 1 Cir.), writs denied, 467 So.2d 539, 467 So.2d 541 (La.1985); Boyle v. Tangipa-hoa Parish Police Jury, 457 So.2d 1276 (La. App. 1 Cir. 141984); Great American Insurance Companies v. East, 264 So.2d 761 (La. App. 1 Cir.1972).
It is imperative to recognize that although the affidavits of counsel and his secretary state that the notice was not received, there is no assertion that it was not mailed nor that it was not mailed to the correct address. There is no evidence to contradict the certificate of mailing. Opposing counsel having received the notice clearly supports the clerk’s certificate that there was in fact a mailing. We are aware of no authority for extending an appeal date based upon an affidavit that counsel failed to receive notice of judgment where the record contains the certificate of mailing required by Article 1913. Although not necessary to our conclusion, it is pointed out that after receiving notice of the signing of the judgment from opposing counsel on November 21, 1994 it would have been simple for counsel to learn that the record contained a certificate of mailing and still meet the November 28, 1994 appeal deadline.
The motion to dismiss the appeal is granted. Costs of the appeal are assessed to defendant/appellant.
APPEAL DISMISSED.