980 So.2d 786 (2008)
ARGENCE, L.L.C. formerly M.O. "Jack" Argence & Sons Inc.
v.
BOX OPPORTUNITIES, INC., d/b/a Chicken Box, Wagner Inc. and Aberta, Inc.
No. 2007-CA-0765.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 2008.
*787 Michael A. Broussard, Michael A. Broussard, Attorney at Law, Metairie, LA, for Plaintiff/Appellee.
Scott G. Wolfe, Jr., Wolfe Law Group, L.L.C., New Orleans, LA, for Defendants/Appellants.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS SR. and Judge MAX N. TOBIAS JR.).
JOAN BERNARD ARMSTRONG, Chief Judge.
Box Opportunities, Inc., d/b/a Chicken Box, Wagner, Inc. and Alberta, Inc. (the Box defendants) appeal from a default judgment in the amount of $16,411.50 on open account, rendered by the First City Court for the City of New Orleans in favor of Argence, L.L.C., formerly M.O. Jack Argence & Sons, Inc. (Argence). Argence filed suit on June 7, 2005, for professional services allegedly rendered and materials allegedly supplied to the Box defendants, including gas station equipment and supplies that were incorporated into property owned by Alberta located at 3101 Elysian Fields Avenue in New Orleans.
According to the petition, despite amicable demand made through letters dated January 13, 2005 and March 24, 2005, the balance of $16,411.50 remained unpaid. Argence sought payment of the balance with legal interest from the date of judicial demand, together with attorney's fees in the amount of twenty-five percent of the aggregate of principal and interest and costs.
The service returns show personal service of the petition on Scott Wolfe, agent for Alberta, Inc., Box Opportunities, Inc., d/b/a/ Chicken Box and Wagner, Inc. The record contains an affidavit of correctness of account and non-military service dated July 18, 2005 and executed by Argence's accounts manager, Debra Argence Ashinhurst.
On July 19, 2005, the trial court entered a default judgment in favor of Argence as prayed for in the petition. According to the trial court, a notation of the Deputy *788 Clerk for Section B indicates that she mailed a notice of judgment to all parties on July 19, 2005 and the judgment was verified and entered on the court's minutes on July 21, 2005. A copy of an envelope postmarked July 25, 2005, filed in the trial court record, shows that the Clerk of First City Court mailed another copy of the judgment to Mr. Wolfe on behalf of Chicken Box[1]. On July 27, 2005, the Box defendants filed a Motion for New Trial, which the trial court set for hearing on September 20, 2005. The Motion for New Trial asserted the Box defendants' claim that they were not solidarily liable for the open account and that the judgment was contrary to the law and the evidence. Argence filed an opposition, arguing that the Motion for New Trial was untimely pursuant to La.Code Civ. Proc. art. 4907 B. The Motion for New Trial was re-set for hearing on September 21, 2006, at which time the trial court denied the motion. On September 26, 2006, the Box defendants requested written reasons for the judgment. The court filed its written reasons for judgment on October 16, 2006, noting that the record indicates that the Deputy Clerk of Section B of the Court mailed the notice of the default on July 19, 2005, as evidenced on the reverse of the judgment.[2] The docket management case event detail also indicates that the notice of judgment was signed and mailed on July 19, 2005. The motion for new trial was not filed until July 27, 2005. Citing La.Code Civ. Proc. art. 4907 B providing that the delay for applying for a new trial in parish or city courts shall be three days, exclusive of holidays, commencing on the day after the clerk has mailed or the sheriff has served the notice of judgment, the court found the defendants' motion untimely.
The reasons for judgment did not address the argument made by defense counsel that the court had not complied with the provisions of La.Code Civ. Proc. art. 1913, made applicable to parish and city courts by La.Code Civ. Proc. art. 4905. La.Code Civ. Proc. art. 1913 D provides:
The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
On September 26, 2006, the Box defendants filed a Motion for Suspensive Appeal from the Judgment and Order denying their Motion for New Trial. The trial court granted the motion on October 3, 2006.
On October 5, 2006, Argence filed an Opposition to Motion for Suspensive Appeal and Motion to Reconsider Suspensive Appeal. Argence noted that the Motion for New Trial was denied as untimely and suggested that for that reason the Motion for Suspensive Appeal is untimely pursuant to La.Code Civ. Proc. art. 5002. That article provides with respect to appeals from city and parish courts:
A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.

*789 B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.
The trial court found that the Box defendants were not seeking an appeal from the default judgment, but rather from the denial of their motion for a new trial. The court held that the Motion for Suspensive Appeal from the denial of the Motion for a New Trial was timely filed and denied Argence's request to reconsider the order granting a suspensive appeal.
On August 6, 2007, Argence filed a Motion to Dismiss the instant appeal, suggesting that this appeal from a judgment denying a new trial is not a final judgment and cannot produce irreparable injury. In opposition, the Box defendants argued that where, as here, the timeliness of a Motion for New Trial is at issue, denying review deprives the appellants of their appeal rights. This Court denied the Motion to Dismiss by Order dated September 4, 2007.
The Box defendants claim on appeal that the trial court erred in denying their Motion for New Trial as untimely. They also contend that the trial court erred in denying the Motion for New Trial on the merits[3].
The timeliness issue turns on the correct interpretation of the certification requirement of La. C.Civ.Proc. art. 1913 D. Argence contends that the codal requirement is satisfied by the following handwritten notation on the reverse of the original judgment contained in the record:
 N 05
 7-19-05
 AoP
 P[4]
The Louisiana Court of Appeal, Third Circuit, in an opinion authored by Judge Tate, held:
By LSA-CCP Art. 1913, as amended in 1961 . . ., the district clerk is under a mandatory duty to file a certificate showing the date of mailing of the judgment and to whom. The evident purpose of this provision is to avoid uncertainty as to the extinction of favored rights of appeal and to prevent disputes such as the present. In the absence of such a certificate, doubts should be resolved in favor of the right to appeal. [Citations omitted].
Bielkiewicz v. Insurance Co. of North America, 201 So.2d 130 (La.App. 3d Cir. 1967).
This interpretation has been accepted by subsequent jurisprudence. See Fink v. State, Through Dept. of Transp. and Development, 464 So.2d 1064 (La.App. 1st Cir.1985); Penalber v. Blount, 405 So.2d 1376 (La.App. 1st Cir.1981); Ouachita Equipment Rental, Inc. v. Dyer, 386 So.2d 193 (La.App. 3d Cir.1980). In Penalber v. Blount, 405 So.2d at 1377, the court noted:
A diligent search of the record does not indicate that [the article 1913] mandatory duties were executed. The only copy of a notice of judgment was one served by the Deputy Clerk of Court on *790 October 31, 1980. It does not indicate on what date it was mailed, if in fact it was mailed.
* * *
There is nothing in the record to indicate the critical date from which the delays for applying for a new trial, or the delays for appealing, could be tolling. Appeals are favored under our law and jurisprudence. In the absence of a proper notification to counsel of the judgment having been signed, there is uncertainty as to date, and that doubt must be resolved in favor of the right to appeal.
Our review of the jurisprudence leads us to conclude that appeals are found to be untimely where the courts construe the certification requirement to have been fulfilled by the presence in the record of a copy of the notice of judgment mailed to other parties. See Trailwood Forest-Calcasieu, Ltd. v. Coursey, 372 So.2d 615 (La.App. 3d Cir.1979); Great American Insurance Companies v. East, 264 So.2d 761 (La.App. 1st Cir.1972). As the court noted in the Fink case, 464 So.2d at 1066:
These decisions illustrate instances of courts bending over backward, when faced with an appellant's counsel who apparently did receive a notice, in an effort not to allow him an otherwise untimely appeal solely on the basis of something as technical as the court's construction of the "certificate" requirement of article 1913.
In the instant case, the trial judge indicated at the motion hearing that the notation on the reverse of the default judgment indicated that the judgment was mailed to the Box defendants on July 19, 2005. The envelope in the record shows that a copy was mailed by the Clerk of Court on July 25, 2005. Absent the mandatory 1913 D certificate, there is reasonable doubt as to the date on which the judgment was mailed. We agree with the principle that, as appeals are favored under Louisiana law and jurisprudence, this doubt must be resolved in favor of the right to have the Motion for New Trial heard on its merits. For that reason, we are compelled to vacate the judgment of the trial court and to remand this case to the First City Court for a hearing on the merits of the Box defendants' Motion for New Trial.
VACATED AND REMANDED.
TOBIAS, J., concurs and assigns reasons.
TOBIAS, J., concurs and assigns reasons.
I respectfully concur in order to assign additional reasons in support of the majority's decision.
The record on appeal is devoid of a formal notice of judgment as required by La. C.C.P. arts. 4905 and 1913. Merely mailing to a party a copy of a judgment is not a notice of the judgment. Historically, in the days preceding copying machines, the clerk of court sent out only a notice of judgment without attaching a copy of the formal written and signed judgment. The lawyers and the parties came down to the courthouse to read the formal written judgment. The notice of judgment sent to the lawyers was substantially the same as that in common use today.[1]
*791 In the case at bar, the envelope that contained a copy of the judgment was apparently posted on 25 July 2005 and received by the party cast in judgment on or before 27 July 2005.[2] Time delays in city courts run from the receipt of the notice of judgment, not the mailing, notwithstanding the provisions of La. C.C.P. arts. 4907 and/or 5002. Myles v. Turner, 612 So.2d 32 (La.1993). Even assuming that the trial court was correct that a copy of the judgment was mailed on 19 July 2005 to the defendants, the record is unclear as to the date that the judgment was received by any defendant. However, such does not address the absence of a formal notice of judgment required by the Code of Civil Procedure.
As the majority finds, we are required to set aside the judgment on the motion for new trial and remand for a rendition of a new judgment on the merits of the motion.
NOTES
[1] At the hearing on the Motion for New Trial, the trial judge opined that this certified copy of the judgment was sent to counsel for the defendants at counsel's request.
[2] At the hearing on the Motion for New Trial, the trial judge noted that it was the practice of the court to write on the reverse of the judgment the date notice of judgment was mailed. The notation appearing on the reverse of the judgment indicates the date was July 19, 2005.
[3] We note that the Box defendants submitted affidavits of Scott Wolfe and of James Johnson, both of which bear dates subsequent to the trial court's default judgment, marked as Exhibits E and F to the appellate brief. Because we are a court of record, and these affidavits relating to the merits of the default judgment were not admitted in the trial court, they will not be considered on this appeal.
[4] The notation is handwritten, and this Court believes the foregoing to be an accurate representation of the letters and numbers making up the notation.
[1] Today, the notice of judgment form should substantially read as follows (although I find no requirement in the law that a certified copy of the judgment be attached to the notice of judgment):

To: [Name and Address of all parties or their counsel, if any]
Please take notice that on the ___ day of _____, 20___, judgment was rendered against you in favor of ________ in the above numbered and entitled cause, a certified copy of which accompanies this notice.
Witness the Honorable Judges of this Court, this ____ day of ______, 20___, at ______, Louisiana.
Name of Clerk of Court,
Clerk of Court
[Signature of Deputy Clerk of Court]
Deputy Clerk

[2] Concededly, the deputy clerk of court in Section B of First City Court may have actually put a copy of the judgment in an envelope addressed to each defendant, but such does not establish per se that the envelopes were actually placed in the United States mail on the day that the envelopes were addressed and sealed. The postmark implies to the contrary.