| ROBERT SCHIFF | * | NO. 2021-CA-0267 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| LAWRENCE G. PUGH, III, FREDERICK T. HAAS, III, ALEXANDER L. BURNS, AND PUGH, ACCARDO, HAAS, RADECKER & CAREY, L.L.C. | * * * | FOURTH CIRCUIT STATE OF LOUISIANA |

* * * * * * *

**LEDET, J., DISSENTS WITH REASONS**

I would find Robert Schiff's appeal timely. I also would reverse the trial court's judgment granting the motion for summary judgment filed by the defendants, Frederick T. Haas, III, and the law firm of Pugh, Accardo, Haas, Radecker & Carey, LLC[1], because there are genuine issues of material fact as to causation between the defendants' alleged negligence and Mr. Schiff's losses.

**TIMELINESS OF APPEAL**

The timeliness of Mr. Schiff's appeal turns on the date the notice of signing of judgment was mailed, because it is the mailing of the notice which triggers the seven-day delay to file a timely motion for new trial and interrupt the appeal delays. La. C.C.P. arts. 1974, 2087(A). There is no dispute that the notice of signing of judgment was in fact mailed. Nor is there any dispute that the notice was received by all counsel of record no earlier than December 9, 2020. There is, however, no evidence in the record as to the date the notice was mailed, which would trigger the delay for Mr. Schiff to file a timely motion for new trial and interrupt his appeal delay.

The majority's opinion characterizes the notice of signing as a "certificate of notice of signing of judgment to all parties that indicates the mailing date as

_____

[1] Mr. Haas and the law firm are referred to collectively throughout this dissent as "the defendants."

1

November 25, 2020[.]" In reaching this conclusion, the majority observes that the notice of signing of judgment contains two dates, one which indicates the date on which the judgment was signed, and another which indicates the date of mailing. But, the November 25, 2020 notice of signing of judgment sent to all counsel of record states: "In accordance with Article 1913 C.C.P., you are hereby notified that Judgment in the above entitled cause was signed on November 25, 2020." Below this notification is the signature of the trial court's law clerk next to a second date: November 25, 2020. The notice is also stamped in two places "Mailed," but no date appears next to these stamps. Thus, the notice of signing of judgment itself contains no language establishing that it was actually mailed on November 25, 2020. Moreover, the record contains no other evidence establishing mailing on that date.

Subsection D of article 1913 of the Louisiana Code of Civil Procedure provides: "The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed." The certificate requirements of La. C.C.P. art. 1913(D) are mandatory. *Argence L.L.C. v. Box Opportunities, Inc.*, 07-0765, p. 5 (La. App. 4 Cir. 3/13/08), 980 So.2d 786, 789. "The evident purpose of [the certificate requirement] is to avoid uncertainty as to the extinction of favored rights of appeal and to prevent disputes such as the present." *Id* (quoting *Bielkiewicz v. Insurance Co. of North America*, 201 So.2d 130 (La. App. 3rd Cir. 1967)). "In the absence of such a certificate, doubts should be resolved in favor of the right to appeal." *Id*.

The facts of *Argence* are analogous to those presented here, and this court's reasoning in *Argence* is equally applicable to the instant matter. As in the instant case, the issue in *Argence* was the date of mailing of the notice of judgment. In *Argence*, this court found that a notice of judgment did not constitute a valid certificate of mailing, as required by La. C.C.P. art. 1913(D), despite the record

2

containing a deputy clerk's handwritten notations on the reverse of the notice of judgment suggesting the date of mailing. *Argence*, 07-765, pp. 5-7, 980 So.2d at 789-790. In the absence of the mailing certificate, the *Argence* court found there was reasonable doubt as to the date the judgment was mailed and upheld the appellant's right to appeal. *Id* (citing *Bielkiewicz*, 201 So.2d 130; *Fink v. State, Through Dept. of Transp. and Development*, 464 So.2d 1064 (La. App. 1st Cir. 1985); *Penalber v. Blount*, 405 So.2d 1376 (La. App. 1st Cir. 1981); *Ouachita Equipment Rental, Inc. v. Dyer*, 386 So.2d 193 (La. App. 3d Cir.1980)).

Likewise, in *Penalber*, 405 So.2d 1376, the court found that a notice of judgment, which certified the date the judgment was signed but did not certify the date the notice was mailed—like the notice at issue in the instant case—did not trigger the delay for filing a motion for new trial. The court reasoned:

> There is nothing in the record to indicate the critical date from which the delays for applying for a new trial, or the delays for appealing, could be tolling. Appeals are favored under our law and jurisprudence. In the absence of a proper (dated) notification to counsel of the judgment having been signed, there is uncertainty as to date, and that doubt must be resolved in favor of the right to appeal.

*Id*. at 1377.

I would find the reasoning of the courts in *Argone* and *Penalber* equally applicable here. The November 25, 2020 notice of signing judgment contains no certification by the clerk of court of its mailing date, which is the date upon which the delays for a motion for new trial commence.[2] In the absence of certification of this critical date, there is reasonable doubt as to the date on which the notice of judgment was mailed. As appeals are favored under Louisiana law, this doubt must be resolved in favor of Mr. Schiff's right to appeal.

---

[2] Moreover, I have found no authority permitting certification of the mailing date of the notice of judgment by a trial court's law clerk, instead of the clerk of court, as mandated by La. C.C.P. art. 1913(D).

I also would find the majority's reliance on *Beagle v. Beagle*, 95-168 (La. App. 3 Cir. 5/21/95), 657 So.2d 422, misplaced. In the *Beagle* case, there was no uncertainty as to the date the notice of judgment was mailed, because the record contained a dated certificate of mailing of the notice of judgment as required by La. C.C.P. art. 1913(D). *Id.* at p. 3, 657 So.2d at 423. Rather, the appellant in *Beagle* argued that he had not received the notice of judgment and therefore his appeal should be deemed timely. *Id.* The *Beagle* court held that the appellant's alleged late receipt of the notice of judgment was irrelevant "where the record contains the certificate of mailing required by Article 1913."

The rationale of the *Beagle* case has no application here. Mr. Schiff does not dispute that the notice of signing of judgment was mailed and eventually received. Rather, the issue here is the date the notice was mailed, which triggered Mr. Schiff's delay to file a timely motion for new trial and, consequently, a timely appeal. Because there is no certificate of mailing, the record is silent on this issue. The rationale of the *Beagle* case, which relied on an unrebutted, dated certificate of mailing of the notice of judgment within the record, is inapplicable.

In the absence of the certificate of mailing required by La. C.C.P. art. 1913(D), there is reasonable doubt as to the date the notice of judgment was mailed. This present uncertainty is precisely what the certificate requirement was intended to prevent. As appeals are favored under Louisiana law, doubt about the timeliness of Mr. Schiff's appeal must be resolved in favor of his right to appeal. Therefore, I would find that, under these circumstances, Mr. Schiff's appeal was timely.

## DISCUSSION

Turning to the merits of this appeal, Mr. Schiff argues that the trial court erred in granting the defendants' summary judgment motion, because it employed

4

the incorrect legal analysis.[3] I would find no such error in the trial court's legal analysis. Based on a *de novo* review, I would find there are genuine issues of material fact, which precluded the granting of the defendants' summary judgment motion.

### *Summary Judgment Principles and Standard of Review*

The summary judgment procedure is used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966(A)*; see also Balthazar v. Hensley R. Lee Contracting, Inc.*, 16-0920, p. 9 (La. App. 4 Cir. 3/14/17), 214 So.3d 1032, 1040 (observing that "summary judgment is a procedural vehicle for dismissing issues of law and/or fact that are not in dispute"). "A defendant can successfully move for summary judgment if he or she can demonstrate beyond peradventure the nonexistence of a fact essential to the plaintiff's cause of action." Frank L. Maraist, 1 LA. CIV. L. TREATISE, CIVIL PROCEDURE § 6:8 (2d ed. 2018). The summary judgment procedure is "designed to secure the just, speedy, and inexpensive determination of every action," and the summary judgment procedure is favored. La. C.C.P. art. 966(A)(2).

Appellate courts review the grant or denial of a motion for summary judgment *de novo*, employing the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Garces-Rodriguez v. GEICO Indem. Co.*, 16-196, p. 3 (La. App. 5 Cir. 12/21/16), 209 So.3d 389, 391; *Sislo v. New Orleans Ctr. for Creative Arts*, 16-0178, p. 4 (La. App. 4 Cir. 8/17/16), 198 So.3d 1202, 1205 (citing *Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83). The standard for granting a motion for summary judgment is set forth in La. C.C.P. art. 966(A)(3), which provides:

---

[3] Mr. Schiff also assigns error to the trial court's denial of his motion for new trial. Because my decision would render Mr. Schiff's second assignment of error moot, I do not address it.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.

A shifting burden of proof is set forth in La. C.C.P. art. 966(D)(1), which

provides:

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

A genuine issue is one as to which reasonable persons could disagree; "if . . .

reasonable persons could reach only one conclusion, there is no need for trial on

that issue, and summary judgment is appropriate." *Smith v. Our Lady of the Lake*

*Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is material

when its existence or nonexistence may be essential to the plaintiffs [*sic*] cause of

action under the applicable theory of recovery; a fact is material if it potentially

insures or precludes recovery, affects a litigant's ultimate success, or determines

the outcome of the legal dispute." *Chapital v. Harry Kelleher & Co., Inc.*, 13-1606,

p. 5 (La. App. 4 Cir. 6/4/14), 144 So.3d 75, 81. Whether a fact is material is a

determination that must be made based on the applicable substantive law.

*Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219

So.3d 1265, 1270.

### *Legal Malpractice Principles*

To establish a claim for legal malpractice, a plaintiff must prove three

elements: "(1) the existence of an attorney-client relationship; (2) negligent

6

representation by the attorney; and (3) loss caused by that negligence." *Ewing v. Westport Ins. Corp.,* 20-00339, p. 8 (La. 11/19/20), 315 So.3d 175, 180–81, *reh'g denied*, 20-00339 (La. 2/9/21), 310 So.3d 175. In *Jenkins v. St. Paul Fire & Marine Ins. Co.*, 422 So.2d 1109, 1110 (La. 1982), the Supreme Court disavowed the "case within a case" requirement in legal malpractice cases. "Under that approach, a plaintiff in legal malpractice litigation [was required to] prove not only that the attorney was negligent in handling the client's claim or litigation, but also that the claim or litigation would have been successful but for the attorney's negligence." *Id.*

In *MB Indus., LLC v. CNA Ins. Co.*, 11-0303, p. 20 (La. 10/25/11), 74 So.3d 1173, 1187, the Supreme Court confirmed that *Jenkins* had eliminated the "case within a case" requirement but it also made clear that "causation is an essential element of any tort claim" and that "[a]t the very least, [plaintiff] must establish some causal connection between the alleged negligence and the eventual unfavorable outcome of the litigation." (internal quotations omitted).

In its written reasons for judgment, the trial court accurately stated the law applicable to Mr. Schiff's legal malpractice claims and concluded that Mr. Schiff had offered multiple theories establishing a causal connection between the defendants' alleged negligence and the adverse outcome of the *Pollard* suit. Yet, the trial court found that Mr. Schiff failed to support his theories of causation with competent evidence, pointing out that the deposition transcript pages attached to his opposition memorandum were not the same as those pages cited within his memorandum.

Despite Mr. Schiff's failure to attach the correct exhibits to his opposition memorandum, the exhibits which were attached to his opposition memorandum

provide some evidence to support at least one of his causation theories. Specifically, there is evidence to support Mr. Schiff's claim that the defendants failed to investigate and raise the issue of whether Ms. Pollard was a licensed contractor, thereby failing to raise a potential defense to the contract.

Mr. Schiff attached to his opposition memorandum excerpts from the deposition of Alexander Burns, an associate at the law firm. Though the pages of Mr. Burns' deposition testimony attached to Mr. Schiff's opposition memorandum do not correspond with those cited in the memorandum, they do contain testimony supporting Mr. Schiff's claim. Mr. Burns testified that he was instructed to research Ms. Pollard's licensure and the viability of any defense based on her unlicensed contracting work. He found unreliable results as to whether Ms. Pollard was licensed on the website of the State Board of Contractors but found that Ms. Pollard's recovery of profits would be limited if she were unlicensed. Mr. Burns, however, did not recall discussing the issue with Mr. Schiff; and the issue was not raised in the *Pollard* suit.

Although the exhibits attached to the defendants' motion and Mr. Schiff's opposition memorandum do not establish whether or not Ms. Pollard was a licensed contractor, at the very least, Mr. Burns' testimony suggests the possibility that she was not licensed and that the defendants suspected as much. If Ms. Pollard was not a licensed contractor, Mr. Schiff may have had a viable defense to the *Pollard* suit which the defendants did not raise.[4]

I would find that the uncertainty regarding Ms. Pollard's licensure, which could have provided a defense to the *Pollard* suit, supported by Mr. Burns' testimony, presents a genuine issue of material fact as to the causal connection between the defendants' alleged malpractice and Mr. Schiff's losses. Accordingly,

---

[4] *See, e.g., Alonzo v. Chifici*, 526 So.2d 237, 243 (La. 5th Cir. 1988) (finding that Louisiana's rule of absolute nullity for a contracting agreement in the absence of a contractor's license limited the contractor to quantum meruit recovery).

pursuant to a *de novo* review, I would find that the trial court erred in granting summary judgment in favor of the defendants and reverse the trial court's judgment granting the defendants' motion for summary judgment.

For the foregoing reasons, I respectfully dissent.