| | | |
|---|---|---|
| **ROBERT SCHIFF** | * | **NO. 2021-CA-0267** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **LAWRENCE G. PUGH, III,** | * | |
| **FREDERICK T. HAAS, III,** | | **FOURTH CIRCUIT** |
| **ALEXANDER L. BURNS, AND** | * | |
| **PUGH, ACCARDO, HAAS,** | | **STATE OF LOUISIANA** |
| **RADECKER & CAREY, L.L.C.** | ******* | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-03864, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge
Regina Bartholomew-Woods)

**LEDET, J., DISSENTS WITH REASONS**
**JENKINS, J., CONCURS WITH REASONS**


R. Joshua Koch, Jr.
KOCH AND SCHMIDT, LLC
650 Poydras Street
Suite 2660
New Orleans, LA 70130


   COUNSEL FOR PLAINTIFF/APPELLANT


James H. Gibson
Stacy N. Kennedy
GIBSON LAW PARTNERS, LLC
2448 Johnston Street
P.O. Box 52124
Lafayette, LA 70505


   COUNSEL FOR DEFENDANT/APPELLEE


      **APPEAL DISMISSED**
      **DECEMBER 8, 2021**

In this legal malpractice case, Plaintiff-Appellant, Robert Schiff ("Mr. Schiff"), appeals the trial court's judgment granting the motion for summary judgment filed by Defendants-Appellees—Frederick T. Haas, III, and the law firm of Pugh, Accardo, Haas, Radecker & Carey, LLC (collectively "Appellees")—and dismissing Mr. Schiff's claims against them. For the reasons that follow, we dismiss the appeal as untimely.

## *FACTUAL AND PROCEDURAL BACKGROUND*

This legal malpractice suit arises from Appellees' representation of Mr. Schiff in a contract suit filed by Lidia Pollard ("Ms. Pollard"). In 2007, Mr. Schiff and Ms. Pollard entered a partnership to purchase, renovate, and resell houses in New Orleans following Hurricane Katrina. The parties agreed that Mr. Schiff would fund the purchase and renovation of the properties while Ms. Pollard would locate suitable properties and oversee and assist in their renovations. Mr. Schiff and Ms. Pollard agreed to split equally all profits from reselling the houses.

Eventually, the business relationship soured, and Ms. Pollard filed a lawsuit against Mr. Schiff ("the *Pollard* suit"). Ms. Pollard claimed, among other things, that Mr. Schiff failed to reimburse her for expenses she incurred in renovating the properties and failed to remit profits owed to Ms. Pollard from sales of the renovated properties. Mr. Schiff contended throughout the *Pollard* suit that the parties' business did not realize any profits, due to expenses he incurred in the renovation and resale of the houses. He also filed a reconventional demand seeking recovery of money Ms. Pollard allegedly owed him.

The *Pollard* suit proceeded to a bench trial; and the trial court rendered judgment in Ms. Pollard's favor, awarding her $685,176.52. On appeal, this Court amended the underlying judgment to $684,824.73 and affirmed as amended. *Pollard v. Schiff*, 13-1682 (La. App. 4 Cir. 2/4/15), 161 So.3d 48.

In 2014, Mr. Schiff filed this malpractice suit against Appellees, claiming that their negligent representation at trial in the *Pollard* suit was the direct cause of the judgment against him. As the malpractice suit proceeded, Mr. Schiff, through his retained expert witness, Attorney Dane Ciolino, identified specific acts of alleged negligence committed by Appellees at trial which, Mr. Schiff argued, caused the unfavorable outcome against him.

Among these alleged negligent acts was Appellees' failure to investigate whether Ms. Pollard was a licensed contractor and to raise the issue of her licensure at trial. Mr. Schiff claimed that Ms. Pollard was not a licensed contractor, even though she was acting as a contractor in her partnership with him,

2

and that, pursuant to La. R.S. 37:2160,[1] she was prohibited from recovering under the contract. Mr. Schiff alleged that Appellees were aware of this potential defense but failed to investigate the issue or raise it at trial.

Ultimately, Appellees moved for summary judgment, arguing that Mr. Schiff could not establish that any of the alleged breaches identified by Attorney Ciolino's report caused the adverse judgment against him in the *Pollard* suit. Appellees maintained that Mr. Schiff required expert testimony to prove causation, but his expert witness, Attorney Ciolino, declined to offer any opinions on causation.[2] Rather, Appellees countered, the outcome in the *Pollard* suit would have been the same even if they had not committed the alleged breaches. In support, the defendants relied on the report and deposition of their own expert witness, Attorney Wayne Lee, who opined that the trial court in the *Pollard* suit would have entered the unfavorable judgment against Mr. Schiff regardless of the alleged malpractice.

In opposition, Mr. Schiff argued that he did not need expert testimony to establish causation. Mr. Schiff contended that he needed only to establish a causal connection between the alleged negligence and the unfavorable outcome of the litigation, which could be proven by lay testimony. Mr. Schiff further addressed

---

[1] La. R.S. 37:2160 provides, in pertinent part:

> A. (1) It shall be unlawful for any person to engage or to continue in this state in the business of contracting, or to act as a contractor as defined in this Chapter, unless he holds an active license as a contractor under the provisions of this Chapter.

[2] In his deposition testimony, attached to Mr. Schiff's opposition memorandum, Attorney Ciolino explained that he would not offer expert opinions on causation, because his opinions would be speculative, and questions on causation and damages should be left to the jury.

each instance of negligence identified by Attorney Ciolino's report and offered his theories as to how each alleged breach caused the adverse judgment against him in the *Pollard* suit.

At the hearing, the trial court granted Appellees' summary judgment motion. While the trial court disagreed with Appellees' argument that Mr. Schiff needed expert testimony to establish causation; it found Mr. Schiff's opposition memorandum insufficient to defeat the summary judgment motion. It reasoned that while Mr. Schiff had offered theories to support his burden on causation and had cited to deposition testimony which purported to support his theories, he failed to attach the portions of the deposition transcripts cited within his memorandum.

After the trial court granted Appellees' motion, Mr. Schiff filed a motion for summary judgment, which the trial court denied. Mr. Schiff's appeal followed.

### TIMELINESS OF APPEAL

While Mr. Schiff appeals the trial court's granting of summary judgment, we must first address a procedural issue in this matter, notably whether Mr. Schiff's motion for new trial, and consequently, his motion for appeal, were filed timely. Absent a timely motion for appeal, this court lacks jurisdiction over the appeal. *Sens v. Plaisance*, 20-0382, p. 2 (La. App. 4 Cir. 8/12/20), 2020 WL 4692882 (*unpub.*), *writ denied*, 20-01014 (La. 8/19/20), 300 So.3d 877.

The delay for applying for a new trial is seven (7) days, exclusive of legal holidays, commencing on the day after the clerk mails the notice of judgment required by La. C.C.P. art. 1913. La. C.C.P. art. 1974. A devolutive appeal may

4

only be taken within sixty (60) days of either (1) the expiration of the delay for applying for a new trial if no application has been filed timely; or (2) the date of the mailing of notice of the court's refusal to grant a timely application for a new trial. La. C.C.P. art. 2087(A). An untimely motion for new trial does not interrupt the delays for timely taking an appeal. *See First Nat. Bank of Com. v. Boydell*, 03-0613, p. 3 (La. App. 4 Cir. 9/24/03), 857 So.2d 1115, 1117.

The trial court's judgment granting Appellees' summary judgment motion was signed on November 25, 2020. Mr. Schiff did not file his motion for new trial until December 11, 2020—more than seven (7) days after the November 25, 2020 judgment was signed—and did not file his motion for appeal until March 9, 2021. If the November 25, 2020 notice of signing of judgment was mailed on that same date, Mr. Schiff's motion for new trial, and consequently his motion for appeal, would be untimely.

Accordingly, on May 11, 2021, we ordered Mr. Schiff show cause why his appeal should not be dismissed as untimely. Mr. Schiff submitted a brief on the timeliness of his appeal in which he argues that the record contains no certificate, signed by the clerk of court, showing the date the notice of signing of judgment was mailed, as required by La. C.C.P. art. 1913(D). Rather, Mr. Schiff contends the November 25, 2020 notice of signing of judgment was signed by the trial court's law clerk and is silent as to when the notice itself was mailed. Mr. Schiff also contends that the notice of signing of judgment was not received by counsel

5

for either Mr. Schiff or Appellees until December 9, 2020,[3] and Mr. Schiff filed his motion for new trial two (2) days later. In the absence of a certificate of mailing of the notice of judgment, signed by the clerk of court, Mr. Schiff argues that the issue of timeliness must be resolved in favor of his right to appeal.

La. C.C.P. art. 1913 provides in pertinent part:

A. Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.

\* \* \*

D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of signing of judgment was mailed.

The jurisprudence interpreting the certification requirement of La. C.C.P. art. 1913, was discussed by this Court in *Argence L.L.C. v. Box Opportunities, Inc.*, 07-0765, p. 5-6 (La. App. 4 Cir. 3/13/08), 980 So.2d 786, 789-90. This Court noted that there are two lines of interpretation, one favoring the right of appeal in cases where it is not clear that the mandatory requirements of La. C.C.P. art. 1913 have been met, and the other finding appeals untimely based on the presence in the record of a notice of judgment and a copy of the judgment mailed to the parties but without a certification of the date of mailing. *Compare Roy Fink, Inc. v. State, D.O.T.D.*, 464 So.2d 1064 (La. App. 1st Cir. 1985) (finding that the presence in the record of a dated letter is insufficient to serve as the certificate showing the date of

_____

[3] Counsel for Mr. Schiff pointed to Appellee-counsel's representation in a trial court pleading that he received the notice of judgment on December 9, 2020. Appellees have not disputed this timeline and did not address the timeliness of Mr. Schiff's appeal in their brief.

mailing), *and Trailwood Forest-Calcasieu, Ltd. v. Coursey*, 372 So.2d 615 (La. App. 3rd Cir. 1979) (finding that a signed, dated letter from the Clerk's office to the parties notifying them of the judgment fulfilled the requirements of La. C.C.P. art. 1913).

In *Argence*, this Court was addressing a motion to dismiss the appeal based on an untimely filed motion for new trial. In that case, the trial court entered a default judgment against defendants on July 19, 2005. The record contained an original judgment with "a handwritten notation on the reverse [side]" indicating that the judgment was mailed on July 19, 2005; the record also contained an envelope showing that a copy of the judgment was mailed by the Clerk of Court on July 25, 2005. The Court then found that, "[a]bsent the mandatory 1913 D certificate, there is reasonable doubt as to the date on which the judgment was mailed," and, favoring the right of the party to be heard and to appeal, the Court resolved the doubt as to the date of mailing in favor of the appellant. *Argence*, 07-0765, p. 6, 980 So.2d at 790.

In *Argence*, there was no certificate of notice of signing of judgment, but there was evidence in the record that the actual date of mailing was shown on the envelope in which the judgment was mailed. We find the facts in this case is more analogous to *Beagle v. Beagle*, 95-168 (La. App. 3 Cir. 5/31/95), 657 So.2d 422. Addressing the timeliness of that appeal, the Third Circuit noted that the record reflected the notice of judgment was mailed on October 19, 1994, and a certificate of mailing was filed in the record. Based upon that date of mailing of notice, the last day for filing the appeal would have been November 28, 1994. The appeal was filed on November 29, 1994. In arguing for the timeliness of the appeal, appellants' counsel submitted affidavits that the notice of judgment was not

7

received until November 21, 1994. In its consideration of the record and affidavits, the Third Circuit stated:

> It is imperative to recognize that although the affidavits of counsel and his secretary state that the notice was *not received*, there is no assertion that it was *not mailed* nor that it was not mailed to the correct address. There is no evidence to contradict the certificate of mailing. … We are aware of no authority for extending an appeal date based upon an affidavit that counsel failed to receive notice of judgment where the record contains the certificate of mailing required by Article 1913.

*Beagle*, 95-168, p. 4, 657 So.2d at 423. Consequently, the Third Circuit dismissed the appeal as untimely.

In the present matter, the trial court ruled in open court on November 6, 2020, granting Appellees' motion for summary judgment and dismissing Mr. Schiff's claims against them.[4] The trial court signed its judgment on November 25, 2020. The record includes a certificate of notice of signing of judgment to all parties that indicates the mailing date as November 25, 2020, with a signature of the law clerk rather than the minute clerk.[5] Mr. Schiff's counsel attests in an affidavit that he did not receive the notice of signing of judgment until December 9, 2020, by which time the seven-day delay for filing a motion for new trial had already expired. As in the case of *Beagle*, Mr. Schiff acknowledges that the notice was mailed and received, and he presents no evidence that the notice was not mailed by the Clerk of Court or to contradict the date of mailing on the certificate filed in the record. Mr. Schiff argues only that the signature of the law clerk rather

---

[4] Although the delay for applying for a new trial does not commence until the day after the notice of judgment has been mailed in accordance with Article 1913, or served by the sheriff, there is no rule prohibiting a party from filing a motion for new trial from a judgment rendered in open court prior to receiving the signed judgment. *See* La. C.C.P. art. 1974.

[5] Two dates appear on the certificate of notice of signing of judgment, one indicating the date on which the judgment was signed and, below it, a second indicating the date of mailing. In this case, the judgment was signed and mailed on the same date, November 25, 2020.

8

than the minute clerk is inadequate to certify that the notice of judgment was mailed on the date that is indicated.

Considering the language of La. C.C.P. art. 1913, review of the record and jurisprudence interpreting and applying the requirements of La. C.C.P. art. 1913, and review of the record, we find the instant appeal to be untimely.

### *DECREE*

Accordingly, the appeal is dismissed as untimely.

**APPEAL DISMISSED**