386 So.2d 193 (1980)
OUACHITA EQUIPMENT RENTAL, INC., Plaintiff-Appellant,
v.
Wilbur R. DYER, Defendant-Appellee.
No. 7631.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1980.
*194 Brown, Wicker & Lee, Ralph J. Wicker, Monroe, for plaintiff-appellant.
Antoon, Darlymple & Beck, Joseph T. Dalrymple, Alexandria, for defendant-appellee.
Before CULPEPPER, SWIFT and STOKER, JJ.
STOKER, Judge.
The plaintiff, Ouachita Equipment Rental Company, Inc., brought suit alleging the breach of an automobile lease agreement by the defendant, Wilbur R. Dyer. The trial court determined that the plaintiff failed to prove that the defendant breached the lease. We affirm.

MOTION TO DISMISS
Preliminarily we must address the defendant's motion to dismiss the appeal of the plaintiff on the grounds that the appeal was not timely taken.
The record reveals that the trial judge signed the judgment on August 30, 1979. The appellant obtained an order of appeal on November 26, 1979, which was more than sixty days from the signing of the judgment. It is for this reason that the appellee argues that the appeal was not timely.
We disagree. According to LSA-C.C.P. art. 1913 when a case is taken under advisement notice shall be mailed to the counsel of record for each party. The record does not reveal that such notice was ever sent. If notice of judgment is not furnished as required, the delay for seeking an appeal does not ordinarily begin to run. LSA-C.C.P. arts. 1974, 2087 and 2123. In Rasberry v. English, 255 So.2d 433 (La.App. 3rd Cir., 1971) we said:
"The problem arises herein due to the fact that no certificate, specifying the date upon which the notice of judgment was mailed, can be found in the record. Without such an entry, it is impossible to determine whether or not the Clerk of Court complied with Article 1913 of the Code of Civil Procedure. It must be presumed that no notice was mailed as required, and therefore, the time allotted for making application for new trial, as well as for taking suspensive appeal, has not yet begun to run. Defendants' suspensive appeal must therefore be considered as having been timely perfected." (Citations omitted).
The same reasoning is applicable in the present case. We must presume that no notice was mailed as required. Since the delay did not begin to run, the appeal is timely.

ON THE MERITS
The facts reveal that on March 4, 1976, Wilbur R. Dyer, executed a "Standard Leasing Agreement" with Ouachita Equipment Rental Co., Inc., for the lease of a 1976 Ford Thunderbird automobile. The lease was for 27 months at a monthly rental of $251.87 which was due and payable in advance on the first day of each month during the term of the lease.
On August 31, 1976, plaintiff wrote to the defendant advising him that he was in default for non-payment of the monthly rentals and demand was made for the return of the vehicle.
After the vehicle was returned to the plaintiff it was sold to Rivers Ford, Inc., a Monroe automobile dealership, for the sum of $6,900.00.
Suit was then filed with a demand of $2,829.72 plus attorney's fees and costs of the suit. The amount demanded in the lawsuit includes the lost income for the remaining 21 months of the lease, the loss on the sale of the vehicle, reconditioning expenses, and the amount allegedly due under the early termination provisions of the lease contract.
The defendant argues that there was a failure of consideration and that the leased vehicle was not fit for the purposes for which it was leased.
The trial judge in his written reasons made the following observations:
"... Defendant was dissatisfied with the performance of the auto, and *195 had several discussions about same with representatives of plaintiff. Approximately six months after defendant first leased the auto, plaintiff sent him a notice that the lease was terminated, and defendant returned the car to plaintiff as requested. Plaintiff then filed suit for breach of contract, alleging that defendant was in default on his rental payments.
"At trial on the merits, plaintiff failed to prove that defendant was in default under the terms of the contract. Defendant showed that he had the car six months, and that he had canceled checks for six payments which plaintiff had accepted. Defendant also showed that he had made a $500.00 security deposit with plaintiff, which he does not seek the return of. "Since plaintiff canceled the lease of its own accord, and since plaintiff failed to prove that defendant was in default under the contract, it cannot recover the money it seeks from defendant."
The plaintiff argues that the defendant made a judicial confession at trial which should allow his recovery.[1] The judicial confession is allegedly contained in the following dialogue:
"Q. `Were you behind when they demanded return of the car?'
"A. `Evidently I was behind that last month that I returned the car.'"
We do not believe that the above statement amounts to a judicial confession. The defendant did not admit that he was in default.[2] The facts further reveal that the plaintiff demanded the return of the automobile by letter dated August 31, 1976. This was six months after the lease agreement was entered into by the parties. The manager of the plaintiff corporation himself stated on direct examination that the defendant had the car for six months. When the plaintiff's manager was asked why he demanded the automobile to be returned, he explained that it was because of the defendant's non-payment. Yet, the plaintiff's manager admitted the defendant had made six payments. It is obvious that the defendant had possession of the car for six months and made six payments.
The trial court correctly concluded that the defendant satisfied his contractual obligations. It appears that the plaintiff terminated the lease because the defendant expressed dissatisfaction with the automobile and threatened to quit paying for it.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the plaintiff-appellant.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 2291.
[2] Arguably defendant was referring to the September 1979 payment in stating "[e]vidently I was behind that last month that I returned the car". (Emphasis supplied). Thus, he paid for the six months he used the car and then returned it as demanded. Under LSA-C.C. art. 2291 a judicial confession may be revoked when "made through an error in fact". In Modicut v. Rist, 98 So.2d 268 (La.App. 1st Cir., 1957), it was stated that "Article 2291 itself provides that such an admission is not binding when `made through an error in fact,' such as through ignorance of or a misapprehension of the true facts ... or such as through a miscomputation of the true total due ..." (Citations omitted).