LOTTINGER, Judge.
This matter is before the Court on Black Towing, Inc.’s (Black) motion to dismiss the appeals of plaintiff Oceaneering International, Inc. (Oceaneering) and defendants Cheramie Towing Corp. (Cheramie) and Northeastern Fire Ins. Co. of Pennsylvania (Northeastern) as the appeals relate to movant.
Plaintiff filed suit against Black, Chera-mie, and Cheramie’s insurers for expenses incurred by Oceaneering in repairing pipeline damage caused by a tug operated by Cheramie and brokered by Black to Ocea-neering. Black subsequently filed a third party demand against the tug’s owner, Cheramie, and Northeastern for indemnification.
Trial on the merits concluded on April 12, 1983, and the matter was taken under advisement. The trial court’s written reasons were issued July 6, 1983. Judgment was in favor of plaintiff Oceaneering and against defendants Cheramie and Northeastern. The trial judge found no liability on Black’s part and dismissed the main demand against Black and Black’s third party demand. The final judgment was signed on July 14, 1984. The record does not reflect that notice of judgment was sent to any parties as required by La.Code Civ.P. art. 1913.
On July 28, 1983, Cheramie and Northeastern filed a motion to amend the judgment or in the alternative a motion for new trial on the issue of damages. Subsequently, Northeastern filed a motion to annul the judgment against it. On February 10, 1984, the trial court denied these motions. This ruling was later vacated and rescheduled. Subsequently, on March 12, 1984, the trial court dismissed all the motions. On April 18,1984, Cheramie and Northeastern filed a motion for devolutive appeal; the trial court granted this motion. The record does not indicate an appeal on behalf of Oceaneering. On May 31, 1984, the trial judge denied Cheramie’s motion for leave to designate the trial record for appeal. He noted in the order that he had that day granted an order for devolutive appeal to Oceaneering. Black contends that Oceaneering has been granted a devol-utive appeal. The record does not, however, indicate a motion for appeal by Ocea-neering.
I
Black contends the appeals were not perfected timely. It argues that Oceaneering *1276 did not file a motion for new trial and its petition for devolutive appeal was not filed until May, 1984, nine months after the judgment was rendered. It also contends that the defendants’ motion for new trial was untimely, and thus caused the motion for devolutive appeal to be untimely. Assuming the new trial motion was timely Black argues it was limited to the issue of damages thus making the appeal untimely as respects Black.
The record does not indicate a notice of judgment was sent to the parties. When a case is taken under advisement, the delay for applying for a new trial, and thus the appeal delay, does not begin to run until the day after notice of judgment is mailed. See La.Code Civ.P. arts. 1913, 1974, 2087; Penalber v. Blount, 405 So.2d 1376 (La.App. 1st Cir.1981); Ouachita Equipment Rental, Inc. v. Dyer, 386 So.2d 193 (La.App. 3rd Cir.1980). Since notice of judgment was required herein and never sent, appeal delays did not begin to run. Therefore, the appeals were perfected timely-
For the above reasons, the motion to dismiss is denied at movant’s costs.
MOTION DENIED.