NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-312

RAQUEL ANTOINETTE LANDRY AUZENNE
VERSUS
SCOTT DOUGLAS AUZENNE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2006-0219
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**********

BILLY H. EZELL
JUDGE

**********

Court composed of Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

MOTION TO DISMISS APPEAL DENIED.

Lenise R. Williams
The Williams Firm, L.L.C.
423 West Vermilion Street, Suite 2
Lafayette, LA 70501
(337) 504-3311
COUNSEL FOR PLAINTIFF/APPELLANT:
    Raquel Antoinette Landry Auzenne

Gregory F. Williams, Sr.
600 Rue Jefferson Street, Suite 550, Box 82
Lafayette, LA 70501
(337) 266-2298
COUNSEL FOR PLAINTIFF/APPELLANT:
    Raquel Antoinette Landry Auzenne

**Cassie L. Willis**
**Attorney at Law**
**903 West University Avenue**
**Lafayette, LA 70506**
**(337) 234-5149**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Raquel Antoinette Landry Auzenne**

**Kay Karre' Gautreaux**
**Attorney at Law**
**405 West Convent Street**
**Lafayette, LA 70501**
**(337) 235-1362**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Scott Douglas Auzenne**

EZELL, Judge.

The Defendant-Appellee, Scott Douglas Auzenne, moves to dismiss this appeal on the ground that the judgment is not appealable, and alternatively, on the ground that the appeal was not filed timely. For the reasons given herein, we deny the motion.

This case involves a divorce proceeding, and Plaintiff-Appellant, Raquel Antoinette Landry Auzenne, seeks to appeal from a judgment partitioning the parties' community property. Throughout the course of these domestic proceedings, Plaintiff changed attorneys on several occasions; some of these attorneys failed to file motions to withdraw as counsel of record. Regardless, Plaintiff was represented by attorney Harold Register at the time when the matter at issue was heard; however, on May 19, 2008, he withdrew as attorney of record. Plaintiff is currently represented by attorney Lenise Williams, who enrolled as attorney of record on June 18, 2008.

Plaintiff and Defendant entered into a stipulated agreement regarding the value of the community assets listed on a joint detailed descriptive list. However, the parties were in dispute as to whether the land on which the community home is located should be classified as separate or community property and whether Defendant was entitled to reimbursements for contributions made towards that property. Therefore, this matter was litigated on April 17, 2008. Following the hearing, the trial court orally ruled that the property was Plaintiff's separate property and that Defendant was entitled to reimbursement for fifty percent of the funds which had been contributed to that property. A judgment to that effect was signed on August 4, 2008. Along with the ruling on the reimbursement issue, the judgment also incorporated the parties' stipulated agreement regarding the value of the community assets. The notice of judgment was mailed to Defendant's attorney on August 7,

1

2008, and the notice also indicates that it was being carbon-copied to Plaintiff's former attorney, Harold Register.

On October 31, 2009, Plaintiff, through her current attorney, Lenise Williams, filed a motion for a devolutive appeal, asserting the motion was not untimely because the clerk of court had failed to mail the judgment to Plaintiff's current attorney of record. The order of appeal was signed by the trial court on October 31, 2008. On February 6, 2009, Defendant filed a motion to vacate the appeal; however, on February 11, 2009, the trial court denied the motion on the ground that it had been divested of jurisdiction over the matter pursuant to La.Code Civ.P. art. 2088.

The appeal was lodged in this court on March 13, 2009. On March 19, 2009, Defendant filed a motion to dismiss the appeal, seeking to have this appeal dismissed on two grounds. First of all, Defendant asserts that the judgment at issue is not appealable because it is a stipulated judgment. Defendant contends that because the Plaintiff negotiated the terms of the judgment with the advice of counsel, the judgment is not appealable pursuant to La.Code Civ.P. art. 2085, which prohibits an appeal by a party who acquiesced in the judgment sought to be appealed.

In her opposition to the motion to dismiss the appeal, Plaintiff asserts that La.Code Civ.P. art. 2085 does not preclude her from taking an appeal because she did not acquiesce in that part of the judgment which she seeks to appeal. Specifically, Plaintiff contends that she seeks to appeal the part of the trial court's ruling involving the partitioning of the community property, the classification of her separate property as community property, and the valuation of reimbursement due to Defendant. Also, Plaintiff asserts that the fact that the judgment is entitled "Stipulated Judgment" does not alter the fact that the matter regarding the partitioning of the community property was litigated. Additionally, Plaintiff contends that because Harold Register was no longer her attorney when he gratuitously accommodated defense counsel by signing

2

the purported stipulated judgment on August 4, 2008, Mr. Register did not have authority to enter into a stipulated judgment on her behalf.

We find that there is no merit to Defendant's argument that La.Code Civ.P. art. 2085 prohibits Plaintiff from seeking an appeal in this case. Defendant correctly states that La.Code Civ.P. art. 2085 provides that "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." Nonetheless, we note that this article goes on to state that "[c]onfession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."

In the instant case, we find that the parties did not enter into a stipulated agreement with regards to the entire judgment. Instead, a review of the record indicates that while the parties were in agreement as to the value of the community assets listed on the joint detailed descriptive list, they did not reach an agreement regarding the classification of the property on which the family home is located or regarding Defendant's entitlement to reimbursement for funds contributed to that property. Therefore, before a full judgment could be rendered for the partitioning of the property, the parties had to litigate the issues regarding the classification of the land and Defendant's entitlement to reimbursement.

Thus, when the judgment was rendered, it included both the valuations to which the parties had agreed and the classification and reimbursement matters which had to be decided by the trial court. Because the parties litigated the reimbursement and classification issues, we find that Plaintiff did not acquiesce in the part of the judgment pertaining to those issues. Accordingly, we find that while La.Code Civ.P. art. 2085 may preclude Plaintiff from appealing the property valuations to which she has stipulated, this article does not preclude Plaintiff from appealing those

reimbursement and property classification issues which she litigated at the trial court level and which she now seeks to appeal.

As an alternative basis for dismissal of this appeal, Defendant asserts that the appeal is untimely because it was filed more than sixty days after rendition of judgment. Defendant points out that although Plaintiff has changed attorneys several times, she has always continuously been represented by counsel. According to Defendant, because the judgment is a public record and because Plaintiff's current attorney, Lenise Williams, had access to the public records, ignorance or lack of notice cannot be asserted.

With regards to the timeliness issue, Plaintiff asserts that the clerk of court has never mailed notice of the signing of judgment either to Mr. Register, who represented Plaintiff at the hearing for the partitioning of the community property, or to Lenise Williams, who is currently representing Plaintiff. Plaintiff contends that since notice of judgment was never mailed to her or her attorney, the appeal delay for taking a devolutive appeal has not yet commenced to run. According to Plaintiff, she did not learn of the judgment at issue until October 22, 2008, when her former counsel, Mr. Register, revealed that he had signed the judgment on August 4, 2008. Plaintiff points out that she filed her motion for appeal on October 27, 2008, five days after learning of the judgment. As such, Plaintiff contends that her appeal was timely filed.

Louisiana Code of Civil Procedure Article 1913(A) provides, in pertinent part, that "[e]xcept as otherwise provided by law, notice of the signing of a final judgment . . . is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party . . . ." Also, La.Code Civ.P. art. 1913(D) provides that "[t]he clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed."

In the case at bar, the judgment was signed on October 4, 2008. The record indicates that on October 7, 2008, the notice of judgment was mailed to Defendant's attorney, Kay Karre' Gautreaux, and that it was carbon-copied to Plaintiff's former attorney, Mr. Register. However, although Mr. Register withdrew as Plaintiff's attorney of record on May 19, 2008, and Lenise Williams enrolled as Plaintiff's attorney of record on June 18, 2008, the record does not indicate that the notice of judgment was ever sent to Ms. Williams. As such, we find that the record filed in this court fails to show that the Plaintiff ever effectively received notice of the judgment as required by La.Code Civ.P. art. 1913. Further, this court has stated, "if notice of judgment is not furnished as required, the delay for seeking an appeal does not ordinarily begin to run." *Ouachita Equipment Rental, Inc. v. Dyer*, 386 So.2d 193, 194 (La.App. 3 Cir. 1980) (citation omitted). Accordingly, we find that since notice was not furnished in the instant case, the appeal delays have not begun to run, and Plaintiff's appeal is timely.

For the foregoing reasons, we find that the appeal is not barred by La.Code Civ.P. art. 2085 and that the appeal is not untimely. Therefore, Defendant's motion to dismiss the appeal is denied at Defendant's cost.

**MOTION TO DISMISS APPEAL DENIED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.

5