NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-911

JONI LEE DODGE DOWNEY

VERSUS

ELI DAMIEN DOWNEY

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2011-6661-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

APPEAL DISMISSED.

Norris Joseph Greenhouse
214 Main Street
Marksville, Louisiana 71351
(318) 253-6394
COUNSEL FOR DEFENDANT/APPELLANT:
    Eli Damien Downey

**Keith Wayne Manuel**
**Attorney At Law**
**115 East Ogden Street**
**Marksville, Louisiana   71351**
**(318) 253-5126**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Joni Lee Dodge Downey**

**COOKS, Judge.**

This court issued, *sua sponte*, a rule ordering the Defendant-Appellant, Eli Damien Downey, to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a non-appealable, interlocutory order. For the reasons assigned, we hereby dismiss the appeal.

This case arose out of divorce proceedings between Defendant and Plaintiff, Joni Lee Dodge Downey. During the marriage, Plaintiff lived in North Carolina with Defendant, who is a member of the United States Army. In 2011, Plaintiff left the marital home and came to live in Louisiana. On May 13, 2011, Plaintiff filed a petition for divorce in Avoyelles Parish, and she sought custody of the minor child born of the marriage. Also, on May 13, 2011, the trial court rendered an oral ruling awarding Plaintiff sole custody of the minor child and ordering Defendant to pay child support in the amount of $888.00 per month beginning August 1, 2011. The trial court signed a written judgment to that effect on October 24, 2011. The order signed by the trial court indicates that Defendant failed to appear in court on May 13, 2011. Defendant contends that, at some point, the military received notice of the October 24, 2011, judgment and began to garnish his wages for child support. However, Defendant asserts that he was never served with a copy of the October 24, 2011, custody and support judgment. The notice of judgment indicates that the judgment of October 24, 2011, was served on Plaintiff's counsel, Keith Manuel on October 25, 2011. There is nothing in the record that shows that Defendant was ever served with notice of the October 24, 2011, judgment, and it does not appear that Defendant was represented by counsel at that point.

On February 22, 2013, an attorney retained by Defendant appeared in court and orally raised exceptions of lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and lis pendens. Defendant contends that when Plaintiff filed the instant divorce proceedings in the Twelfth Judicial District Court of Louisiana, divorce proceedings between the same parties herein were already pending in a court in North Carolina. In that regard, Defendant herein notes that on April 29, 2011, he instituted divorce proceedings in a court in New Hanover County in North Carolina. Also, Defendant herein points out that in an order dated July 30, 2012, the court in North Carolina determined that it has jurisdiction over the case and set October 22, 2012, as the hearing date for the merits of the case.

On March 22, 2013, the Louisiana trial court conducted a hearing on Defendant's exceptions of lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and lis pendens. In a judgment signed on April 25, 2013, the trial court denied Defendant's exceptions. On April 25, 2013, the notice of judgment was mailed to counsel for both parties. On June 20, 2013, Defendant filed a petition/motion for appeal wherein he indicated that he wanted to appeal the trial court's April 25, 2013, ruling which denied Defendant's exceptions. The order of appeal was signed on June 20, 2013, and the appeal record was lodged in this court on August 12, 2013. As stated above, upon the lodging of the record in this appeal, this court issued a rule for the Defendant to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory judgment.

In its response to this court's rule to show cause order, Defendant asserts that an appeal should be allowed as to the issue of the trial court's April 25, 2013, denial of Defendant's exceptions of lack of personal jurisdiction, lack of subject

2

matter jurisdiction, improper venue, and lis pendens. Defendant also raises the argument that he should be allowed to appeal the judgment rendered by the trial court on October 24, 2011. According to Defendant, that judgment should be declared null and void because it fails to comply with La.Code Civ.P. art. 3945. Defendant asserts that the October 24, 2011, judgment is a final, appealable judgment because it awards Plaintiff sole custody of the parties' minor child and imposes a specific child support award. Defendant maintains that he was never served with notice of the Louisiana proceedings against him and that he was never served with a copy of the custody and support judgment rendered October 24, 2011. Therefore, Relator argues that he has been denied his day in court and due process of law guaranteed by the United States and Louisiana Constitutions.

With regard to trial court's April 25, 2013, judgment denying Defendant's exceptions, we find that that judgment is interlocutory because it does not decide the merits of the case. *See* La.Code Civ.P. art. 1841. Also, we find that Defendant cannot be permitted to file an application for supervisory review of the interlocutory judgment rendered on April 25, 2013, because Defendant's motion for appeal was filed too late to be considered a timely filed notice of intent to seek a supervisory writ pursuant to Uniform Rules—Courts of Appeal, Rule 4–3.

With regard to the October 24, 2011, child support and custody judgment, we find that the judgment is a final judgment. Although the notice of judgment indicates that a copy of the judgment of October 24, 2011, was mailed to Plaintiff's attorney of record, Keith Manuel, the record does not indicate that the notice of judgment was ever sent to Defendant as required by La.Code Civ.P. art. 1913. Further, this court has stated, "[i]f notice of judgment is not furnished as required, the delay for seeking an appeal does not ordinarily begin to run." *Ouachita*

3

*Equipment Rental, Inc. v. Dyer*, 386 So.2d 193, 194 (La.App. 3 Cir. 1980) (citation omitted). Accordingly, in the instant case, we find that since no notice of judgment was sent to Defendant for the judgment of October 24, 2011, the appeal delays have not begun to run.

Furthermore, we note that Defendant seeks to challenge the validity of the trial court's judgment of October 24, 2011. Pursuant to La.Code Civ.P. art. 2002(A)(2), a judgment "shall be annulled" if it was rendered against a party who has not waived objections to jurisdiction and who has not been provided with service of process. Also, La.Code Civ.P. art. 2002(A)(3) provides for the annulment of a judgment rendered by a court which lacks subject matter jurisdiction. While the law provides a remedy for challenging a judgment as null, it does not appear that Defendant has filed a separate action to annul the judgment of October 24, 2011. See La.Code Civ.P. art. 2006.

Nevertheless, we note that Defendant's motion for appeal states that he is appealing the April 25, 2013, judgment whereby the trial court denied Defendant's exceptions of lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and lis pendens. As such, we find that this appeal is not an unrestricted appeal which would include all prior judgments that were rendered in the case. *See Jeansonne v. New York Life Ins. Co.*, 08-932 (La.App. 3 Cir. 5/20/09), 11 So.3d 1160. Inasmuch as there is no order of appeal for the judgment of October 24, 2011, we find that we do not have jurisdiction to hear an appeal as to that judgment.

For the foregoing reasons, we dismiss the appeal at Defendant's cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.