PER CURIAM
In this workers' compensation case, we are called upon to decide whether the employer's appeal, taken within the devolutive appeal delays but outside of the suspensive appeal delays, is timely under the special provisions of La. R.S. 23:1310.5(C). For the reasons that follow, we find the appeal should be maintained as timely, but because the appeal is devolutive in nature, the judgment awarding benefits is subject to immediate execution.
FACTS AND PROCEDURAL HISTORY
The facts of this case are largely undisputed. Claimant, Angela Jackson, was injured in the course and scope of her employment with Family Dollar Stores of Louisiana ("Family Dollar"). By judgment *370 dated January 30, 2017, the Office of Workers' Compensation ("OWC") awarded claimant medical expenses, total temporary disability, and supplemental earnings benefits. The OWC also assessed penalties and attorney's fees against Family Dollar. Family Dollar filed a motion for new trial, which the OWC denied on March 22, 2017.
On May 4, 2017, Family Dollar filed a motion for appeal. Family Dollar did not designate the appeal as a suspensive or a devolutive appeal.
After the appeal was lodged, claimant filed a motion to dismiss the appeal. Citing La. R.S. 23:1310.5(C),[1] claimant argued that because the statute required the employer to post a bond in connection with a judgment awarding benefits, it followed that any appeal must be suspensive in nature. Because Family Dollar's appeal was filed outside of the suspensive appeal delays, claimant argued it was untimely.
The court of appeal found La. R.S. 23:1310.5(C) permitted both suspensive and devolutive appeals where the claimant has been awarded benefits, but required a bond in such appeals. It further found the delay for posting the bond does not begin to run until the appellant gets notification of the amount of the bond. Because no bond had yet been set or posted, the court of appeal determined that it could not entertain the appeal, and therefore remanded the case to the OWC for purposes of compliance with La. R.S. 23:1310.5(C). Jackson v. Family Dollar Stores of Louisiana, Inc. , 17-0712 (La. App. 4th Cir. 1/5/18), --- So.3d ----.
Upon claimant's application, we granted certiorari to consider the correctness of that decision. Jackson v. Family Dollar Stores of Louisiana, Inc. , 18-0170 (La. 4/18/18), 247 So.3d 727. The sole issue presented for our consideration is whether Family Dollar's appeal is timely.
DISCUSSION
In Pierce Foundations, Inc. v. Jaroy Constr., Inc. , 15-0785 (La. 5/3/16), 190 So.3d 298, 303, we summarized the relevant principles of statutory construction as follows:
Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. Cat's Meow, Inc. v. City of New Orleans , 98-0601, p. 15 (La. 10/20/98), 720 So.2d 1186, 1198 ; La. Safety Ass'n of Timbermen Self-Insurers Fund v. La. Ins. Guar. Ass'n , 09-0023, p. 8 (La. 6/26/09), 17 So.3d 350, 355-56. See also La. R.S. 24:177(B)(1). When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. R.S. 1:4. The starting point for interpretation of any statute is the language of the statute itself. See, e.g., Cat's Meow , 98-0601, p. 15, 720 So.2d at 1198 ; Timbermen , 09-0023, p. 8, 17 So.3d at 356. Additionally, "all laws pertaining to the same subject matter must be interpreted in pari materia, or in reference to *371 each other." See, e.g. , State v. Williams , 10-1514 (La. 3/15/11), 60 So.3d 1189, 1191 ; La. C.C. art. 13. When, on the other hand, a statute is not clear and unambiguous, or its application leads to absurd consequences, we rely on secondary rules of statutory interpretation to discern the meaning of the statute at issue. See Red Stick Studio Dev., L.L.C. v. State ex rel. Dep't of Econ. Dev. , 10-0193, p. 10 (La. 1/19/11), 56 So.3d 181, 187-88 (quotation omitted). In such cases, the statute "must be interpreted as having the meaning that best conforms to the purpose of the law. Moreover, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." Id.
With these principles in mind, we now turn to an examination of the relevant sections of La. R.S. 23:1310.5, which provides in pertinent part:
B. The decision of the workers' compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an appealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall be entertained in disputes filed under this Chapter. The delay for filing an appeal when a motion for new trial has been filed shall be governed by the Louisiana Code of Civil Procedure.
C. When there has been an award of benefits by the workers' compensation judge, no appeal by an employer shall be entertained by the appellate court unless the employer secures a bond with one or more sureties to be approved by the workers' compensation judge, guaranteeing that the employer will pay the amount of the award rendered therein together with interest thereon as otherwise provided by law, and all costs of the proceeding. The time limits for perfecting the bond shall be as provided in the Code of Civil Procedure, but shall not commence to run against the appellant until the appellant is notified by the workers' compensation judge as to the amount of the bond fixed in accordance with law. [emphasis added].
While we acknowledge La. R.S. 23:1310.5 is not a model of legislative clarity, some broad conclusions may be drawn from its language. At the outset, we observe La. R.S. 23:1310.5(B) expressly recognizes two types of appeals: (1) an appeal which suspends the effect or execution of an appealable judgment or order and must be filed within thirty days; and (2) an appeal which does not suspend the effect or execution of an appealable judgment or order and must be filed within sixty days. Notably, there is no reference in La. R.S. 23:1310.5(B) to any bond requirement. However, La. R.S. 23:1310.5(C) sets forth a special provision for those cases where the OWC has awarded benefits. In such cases, the statute provides no appeal by an employer shall be "entertained" by the appellate court unless the employer secures a bond guaranteeing that the employer will pay the amount of the award plus interest and costs.
Nothing in La. R.S. 23:1310.5(C) specifies the time period in which this appeal must be filed. Most significantly, there is no language indicating the appeal under *372 this subsection has the effect of suspending the execution of the judgment. This omission stands in stark contrast to La. Code Civ. P. art. 2123(A), which refers to "an appeal that suspends the effect or the execution of an appealable order or judgment...."
However, claimant asserts that by referencing a bond, the statute must implicitly limit the employer to a suspensive appeal. We do not find the reference to a bond in La. R.S. 23:1310.5(C) compels the conclusion that the legislature intended for the appeal to be suspensive. We are aware of no principle of law which holds that a bond requirement is exclusive to suspensive appeals. Indeed, it is noteworthy that prior to 1977, bonds were required in both suspensive and devolutive appeals. See Killeen v. Jenkins , 98-2675 (La. 11/5/99), 752 So.2d 146 (explaining that initially "a bond was required for the prosecution of all appeals, whether suspensive or devolutive," but "in 1977, the legislature amended La. Code Civ. P. art. 2124 to provide that no security is required for a devolutive appeal."). Thus, we do not believe the mere reference to a bond in La. R.S. 23:1310.5(C) compels the conclusion that the legislature anticipated the employer's appeal would be limited to a suspensive appeal.
Moreover, in the absence of any specific statutory language to the contrary, we do not believe there is any basis to find the court of appeal lacks jurisdiction to consider an appeal which has been filed within the devolutive appeal delays. In Baton Rouge Bank & Trust Co. v. Coleman , 582 So.2d 191, 192 (La. 1991), we explained that the failure to file a suspensive appeal timely does not result in a jurisdictional defect which precludes the court from hearing an appeal which has otherwise been filed within the devolutive appeal delays:
Thus, when an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. However, when an appellant fails to file a suspensive appeal from a final judgment timely, the judgment does not thereby acquire the authority of the thing adjudged, and the court of appeal does have jurisdiction to reverse, revise or modify the judgment (as long as the appeal was filed within the time limit for appealing devolutively) . [italics in original; boldfacing added].
Claimant's argument is contrary to this bedrock principle of appellate law and would incorrectly accord jurisdictional status to a suspensive appeal. The language of La. R.S. 23:1310.5(C) also makes it clear that the statute does not contemplate dismissal of the appeal as a remedy for the employer's failure to file the bond. Rather, the statute provides no appeal by an employer shall be "entertained" unless the employer secures a bond. The word "entertain" is defined in the Merriam-Webster Dictionary as "to receive and take into consideration." Therefore, rather than creating a jurisdictional defect mandating dismissal of the appeal, the failure to file the bond constitutes a procedural defect preventing the court of appeal from considering the appeal until the bond is posted. See Hurst v. Arabi Taxi and Delivery Serv. , 96-108, pp. 2-3 (La. App. 5th Cir. 5/28/96), 675 So.2d 1210, 1211 (holding the appeal was "premature" until there has been compliance with the requirements of La. R.S. 23:1310.5(C) ).
Claimant's argument also runs contrary to the well-settled principle that appeals are favored in the law. Unless the ground urged for dismissal is free from doubt, the appeal should be maintained.
*373 U.S. Fire Insurance Co. v. Swann , 424 So.2d 240, 244-45 (La.1982). Without specific and explicit legislative authority requiring the appeal to be filed in thirty days, the ground for dismissal urged by claimant is clearly not free from doubt.
Accordingly, we interpret La. R.S. 23:1310.5 as recognizing the right to take a suspensive or devolutive appeal, but with the special condition that in those cases where the employer appeals a judgment awarding benefits, the employer must post a bond covering the judgment (plus interest and costs) irrespective of whether the appeal is designated as suspensive or devolutive. In those cases where the appeal is filed within the applicable suspensive appeal delays and the bond is properly posted, the appeal will act to suspend the judgment pending the appeal. In those cases where the appeal is filed outside of the suspensive appeal delays but within the devolutive appeal delays, the court of appeal shall retain jurisdiction to entertain the appeal once the bond is posted but the judgment awarding benefits shall be subject to execution. In this latter instance, the bond does not serve to suspend the judgment but is an additional form of protection to the employee in the event the employer becomes insolvent or otherwise unable to pay the judgment.[2]
We acknowledge that La. R.S. 23:1310.5(C) conditions the posting of the bond on an uncertain event insofar as it provides the time for posting the bond "shall not commence to run against the appellant until the appellant is notified by the workers' compensation judge as to the amount of the bond fixed in accordance with law." In cases where the employer chooses to take a devolutive appeal, the delay for posting the bond does not adversely affect the employee (who may execute on the judgment once the suspensive appeal delays have passed), but there is a potential for undue delay in cases where an employer files a suspensive appeal. To minimize delays, employers should submit a request to fix the bond along with their motion for appeal, and the OWC should be vigilant in setting the bond as soon as practicable.
In summary, we conclude the court of appeal reached the correct result insofar as it determined it had jurisdiction to consider this devolutive appeal, although it could not entertain the appeal until the bond was posted. Family Dollar has now submitted evidence that the bond has been set and posted. As a result, there is no longer any impediment to consideration of the appeal. Accordingly, we will remand the case to the court of appeal for consideration of the appeal on the merits.
DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed insofar as it determined it had jurisdiction over this devolutive appeal. As the procedural impediment to entertaining the appeal has now been removed, the case is remanded to the court of appeal for consideration on the merits.
In this case, an injured worker was awarded benefits in January 2017, but has yet to receive these benefits because of undue delay caused by the actions of her *374 employer and the ruling of the court of appeal. The majority of this court now perpetuates the delay in reaching a final resolution of Ms. Jackson's claim.
Angela Jackson was injured while working for Family Dollar Stores of Louisiana. She was awarded worker's compensation benefits on January 30, 2017, consisting of medical expenses, total temporary disability, and supplemental earnings benefits. Additionally, Family Dollar was assessed with penalties and attorney's fees. Family Dollar filed a motion for new trial, which was denied on March 22, 2017. Family Dollar then filed a motion for appeal on May 4, 2017. Family Dollar did not designate its appeal as suspensive or devolutive, and did not request the setting of a bond. Ms. Jackson filed a motion to dismiss Family Dollar's appeal, arguing it was untimely pursuant to La. R.S. 23:1310.5(C) because it was not filed within the delays for suspensive appeals. The court of appeal determined that La. R.S. 23:1310.5(C) allowed for devolutive appeals, but required a bond. Thus, since no bond had been set, the court remanded the case to the OWC to set a bond in compliance with La. R.S. 23:1310.5(C). Ms. Jackson then filed the instant writ application in this court.
La. R.S. 23:1310.5(C) provides:
When there has been an award of benefits by the workers' compensation judge, no appeal by an employer shall be entertained by the appellate court unless the employer secures a bond with one or more sureties to be approved by the workers' compensation judge, guaranteeing that the employer will pay the amount of the award rendered therein together with interest thereon as otherwise provided by law, and all costs of the proceeding. The time limits for perfecting the bond shall be as provided in the Code of Civil Procedure , but shall not commence to run against the appellant until the appellant is notified by the workers' compensation judge as to the amount of the bond fixed in accordance with law.
The statute clearly requires a bond in cases where an employee has been awarded benefits, and requires that the bond be perfected within the time limits provided in the Code of Civil Procedure. The only provision in the Code of Civil Procedure that references a time period for perfecting a bond is La. C.C.P. art. 2123, which provides a thirty-day time period for taking a suspensive appeal and providing security therefor.[1] Contrary to the majority, I find that by requiring the posting of the bond, La. R.S. 23:1310.5(C) can only be read as providing for suspensive appeals, and not devolutive appeals, in cases where benefits have been awarded. As such, the statute requires that the appeal be filed and bond be perfected within thirty days pursuant to La. C.C.P. art. 2123(A). If the employer fails to do so, its appeal is deemed untimely.
*375 The concurrence cites to Baton Rouge Bank & Tr. Co. v. Coleman , 582 So.2d 191, 192 (La. 1991) and Professor Maraist's treatise[2] for the premise that the failure to perfect a suspensive appeal timely is not a jurisdictional defect. While this is true under general civil procedure principles, this proposition is not applicable in specialized situations, such as La. R.S. 23:1310.5(C), where the legislature has provided for specific limited appeal delays. (See also , e.g. , La. R.S. 18:1409 (D) & (G) providing limited appeal times in election cases). In such cases, the failure to perfect the appeal by filing and posting the bond within the designated time period is a jurisdictional defect requiring dismissal of the appeal, even if the appeal is filed within the time period for devolutive appeals set forth in the Code of Civil Procedure.
Furthermore, the majority's interpretation of the statute prejudices the employee by allowing the employer to purposefully delay consideration of any appeal. The purpose of the Worker's Compensation Act is to provide an injured employee with timely payments of benefits and medical expenses, and worker's compensation law must be interpreted to assure the delivery of those benefits. See La. R.S. 23:1020.1. While recognizing the potential of abusive delay by the employer, the majority offers a "solution" by suggesting that "employers should submit a request to fix the bond along with their motion for appeal, and the OWC should be vigilant in setting the bond as soon as practicable." However, this suggestion provides no mandate to the employer and no method of enforcement for the disadvantaged employee. The concurrence suggests that the burden of requesting a bond be set may be placed on the employee. I cannot agree. While some delay in consideration of the appeal may be inevitable since the statute provides the time period does not begin to run until the employer is notified by the workers' compensation judge as to the amount of the bond, the statute clearly requires the employer to perfect the bond within 30 days, and the employer should be required to request the bond be set when the appeal is filed, as in other civil appeals.
Employees are entitled to a quick and efficient final resolution of their worker's compensation claims. It is clear to me that the legislature, in limiting employers to file suspensive appeals in these cases, intended to protect the worker by ensuring appeals challenging an award of benefits move forward expeditiously and by ensuring the worker can collect on the judgment regardless of the solvency of the employer, through the posting of a bond.
For these reasons, I respectfully dissent, finding Family Dollar's appeal should be dismissed as untimely.
I respectfully dissent.
While I believe the majority opinion reaches a facially equitable result in allowing the employer's appeal to go forward, I am convinced that the result is not the one ordained by the language of the statute and by longstanding principles of statutory construction. In an effort to construe a statute described as lacking "legislative clarity,"[1] the majority opinion elevates the jurisprudential presumption favoring appeals over the language of the statute, which, while admittedly challenging to parse, is nevertheless clear. In the process, relying for authority on a bond for costs that has not been a part of the law for 41 *376 years, the majority opinion creates a new and unique species of devolutive appeal-one which does not suspend the effect of the judgment, but which nevertheless requires a bond in the full amount of the judgment, together with interest and all costs (i.e. , in an amount similar to that required for a suspensive appeal), and which effectively rewards delay[2] on the part of an appealing employer and prolongs, rather than expedites, the resolution of an injured worker's claim. I do not believe that this was the intent of the legislature or that such an interpretation is supported by the language of the statute.
At issue in this case is La. R.S. 23:1310.5, which sets forth hearing and appellate procedures in workers' compensation cases. Subsection B of the statute describes the types of appeals available to aggrieved litigants, and the time delays for filing. It provides, in relevant part:
An appeal which suspends the effect or execution of an appealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall be entertained in disputes filed under this Chapter. The delay for filing an appeal when a motion for new trial has been filed shall be governed by the Louisiana Code of Civil Procedure.
La. R.S. 23:1310.5(B).
Thus, subsection B provides for both suspensive and devolutive appeals from decisions of the workers' compensation courts and further provides for the effects of both: a suspensive appeal suspends the effect or execution of a judgment and must be filed within 30 days, whereas a devolutive appeal does not suspend the effect or execution of a judgment and must be filed within 60 days. In this regard, the provisions of subsection B are co-extensive with, and identical to, the provisions of the Louisiana Code of Civil Procedure. See, La. C.C.P. art. 2087(A) ("Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following ....") and La. C.C.P. art. 2123(A) ("Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following ....").
Subsection C carves out an exception for employers when the workers' compensation court has made an award of benefits to an injured worker. It provides:
When there has been an award of benefits by the workers' compensation judge, no appeal by an employer shall be entertained by the appellate court unless the employer secures a bond with one or more sureties to be approved by the workers' compensation judge, guaranteeing that the employer will pay the amount of the award rendered therein together with interest thereon as otherwise provided by law, and all costs of the proceeding. The time limits for perfecting the bond shall be as provided in the *377 Code of Civil Procedure, but shall not commence to run against the appellant until the appellant is notified by the workers' compensation judge as to the amount of the bond fixed in accordance with law.
La. R.S. 23:310.5(C).
A plain reading of this article, in conjunction with subsection B, indicates that the only appeal available to the employer when there is an award of benefits is a suspensive appeal. This is because, by definition, only a suspensive appeal (an appeal which suspends the effect or execution of an appealable order or judgment) requires a bond. La. R.S. 23:1310.5(B) ; La. C.C.P. art. 2123(A). A devolutive appeal (an appeal which does not suspend the effect or execution of an appealable order or judgment, La. R.S. 23:1310.5(B) ; La. C.C.P. art. 2087(A) ), does not require a bond. See La. C.C.P. art. 2124(A) ("No security is required for a devolutive appeal."). It is inconsistent with the language of La. R.S. 23:1310.5(B), which essentially adopts the definitions of suspensive and devolutive appeals appearing in the La. Code of Civil Procedure, to suggest that La. R.S. 23:1310.5(C), simply by virtue of not specifically stating whether the appeal under this subsection has the effect of suspending the execution of the judgment, creates a species of devolutive appeal which does not suspend the effect or execution of an appealable order or judgment but which nevertheless requires a bond in an amount similar to that required in a suspensive appeal-the full amount of the award plus interest and all costs.[3] See La. C.C.P. art. 2124(B)(1).
Indeed, the contrary conclusion is warranted by the plain language of the statute. Subsection C specifically directs that the time limits for perfecting the bond shall be as provided in the La. Code of Civil Procedure. La. R.S. 23:1310.5(C) ("The time limits for perfecting the bond shall be as provided in the La. Code of Civil Procedure, but shall not commence to run against the appellant until the appellant is notified by the workers' compensation judge as to the amount of the bond fixed in accordance with law."). The only applicable article in the La. Code of Civil Procedure, and the only one the statute (La. R.S. 1310.5(C) ) can refer to, is section A of La. C.C.P. art. 2123, entitled "Delay for taking suspensive appeal ," which provides, in pertinent part: "Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following ...." La. C.C.P. art. 2123(A) (emphasis added). Thus, by specifically incorporating the La. Code of Civil Procedure article that sets forth the time limits for perfecting the bond-an article that applies exclusively to suspensive appeals, the statute directs that the only appeal available to the employer in a workers' compensation case in which there has been an award of benefits is a suspensive appeal.
While, admittedly, the legislature might have made the task of the litigants and this court simpler in this case by plainly stating that only a suspensive appeal is allowed from a judgment awarding benefits, as worded, the statute leads inevitably to that conclusion. In limiting appeals in cases in which there has been an award of benefits to suspensive appeals, the legislature has struck a balance between the competing interests of employers and injured *378 workers. The statute protects the injured worker who has been awarded benefits by expediting the appeal process and ensuring there are funds available to satisfy the judgment in the event the employer becomes insolvent or otherwise unable to pay the judgment; and any burden on employers who are limited to the suspensive appeal is ameliorated by the provisions which state that the delays for perfecting the appeal by posting the required security do not begin to run until after the workers' compensation judge has fixed the amount of the bond.[4]
This reading of the statute, La. R.S. 23:1310.5, is consistent with its literal language and avoids the absurd result, acknowledged by the majority, of interpreting the statute to allow an employer the option of appealing either suspensively or devolutively, but requiring a bond in an amount sufficient to satisfy the judgment in either event. See Jackson v. Family Dollar Stores of Louisiana Inc. , 18-0170, 251 So.3d 368, 373 n.2 (La. 6/27/18) (noting that, as a practical matter, it is difficult to determine why, under the majority's interpretation of the statute, an employer would ever choose to file a devolutive appeal). It also avoids the necessity of resurrecting-in defense of the proposition that no principle of law limits the bond requirement exclusively to suspensive appeals-a vestige of the law that has not existed since 1977-the devolutive appeal bond. Id. , at 371-72. Apart from the fact that the bond required for a devolutive appeal in La. C.C.P. art 2125 prior to its revision in 1977 was limited to "an amount sufficient to secure the payment of costs," the concept of a devolutive appeal secured by a bond has not existed in Louisiana law for over four decades, as previously noted.
Under current law, the only appeal that requires the posting of a bond under the La. Code of Civil Procedure is the suspensive appeal. La. R.S. 23:1310.5(C) specifically incorporates the provisions of the La. Code of Civil Procedure for purposes of establishing the time limits for perfecting the required bond; and La. C.C.P. art. 2123(A), which establishes those time limits, addresses only the suspensive appeal. It follows, therefore, that pursuant to La. R.S. 23:1310.5(C), the employer is limited to a suspensive appeal.
The majority's reluctance to adopt the foregoing analysis appears to be prompted by a rigid adherence to the principle that appeals are favored in the law and that, unless the ground urged for dismissal is free from doubt, the appeal should be maintained. See Jackson , op. at 372 (citing U.S. Fire Insurance Co. v. Swann , 424 So.2d 240, 244-45 (La. 1982) ). This principle, while well-settled, cannot prevail over a clear statutory directive. Moreover, the provisions of La. R.S. 23:1310.5(C) do not adversely impact the right to appeal, but rather, in the limited situation in which there has been an award of benefits to an injured worker, the statute simply limits the time and type of appeal to a suspensive appeal.[5]
*379 In conclusion, a plain reading of the provisions of La. R.S. 23:1310.5(C) reflects a legislative intent to protect the injured worker who has received an award of benefits by expediting the appeal process and ensuring there are funds available to satisfy the judgment. The interpretation of the statute adopted by the majority opinion undermines this objective and rewards an employer who engages in dilatory tactics, as evidenced by the facts of this case. Judgment in this case was rendered on January 30, 2017, and a motion for new trial filed by the employer was denied on March 22, 2017. A motion for appeal was filed on May 4, 2017. The employer did not designate the appeal as suspensive or devolutive, did not submit a motion seeking an order fixing the bond, and allowed the appeal to be lodged in the absence of a bond (requiring the employee to move for dismissal of the appeal; otherwise the appeal might have languished indefinitely), thereby managing to prolong the appellate process for over a year. Clearly, it was not the intent of La. R.S. 23:1310.5(C) to sanction such an inordinate delay.
Because I find that the employer in this case was limited to a suspensive appeal under La. R.S. 23:1310.5(C), his appeal, filed outside the 30-day time period required for filing suspensive appeals, was untimely and should be dismissed.
GUIDRY, J., concurs.
I agree in all respects with the Court's per curiam in this matter, as it comports with our well-settled tenet that appeals are favored under Louisiana law. However, I write separately to emphasize that La. R.S. 23:1310.5 is, indeed, a statute that does not provide great clarity on the appellate process in the Workers' Compensation Act. In an effort to avoid the possibilities of abusive and unnecessary delays that could occur when an employer files an appeal (but does not post a bond), the per curiam correctly dictates that the employer should immediately request the fixing of a bond along with a motion for appeal. Alternatively, the employee may do the same. In my view, the legislature may also wish to further refine this area of the law, aligning it with the general appellate procedures in the Louisiana Code of Civil Procedure.[1]
Finally, I disagree with the dissenting views in this matter for the primary reason that they essentially deem a judgment in this case final and definitive after thirty days. As the per curiam notes, the statute's reference to a bond does not limit the employer's appeal to a suspensive one. And again, as the Court has held here, the failure to perfect a suspensive appeal timely is not a jurisdictional defect, because a judgment does not become final until after the devolutive appeal delays have run. See Maraist, I Louisiana Civil Law Treatise *380 (2nd Ed. 2008), § 14:10 ; Baton Rouge Bank & Trust Co. v. Coleman , 582 So.2d 191 (La. 1991).

La. R.S. 23:1310.5(C) provides:
When there has been an award of benefits by the workers' compensation judge, no appeal by an employer shall be entertained by the appellate court unless the employer secures a bond with one or more sureties to be approved by the workers' compensation judge, guaranteeing that the employer will pay the amount of the award rendered therein together with interest thereon as otherwise provided by law, and all costs of the proceeding. The time limits for perfecting the bond shall be as provided in the Code of Civil Procedure, but shall not commence to run against the appellant until the appellant is notified by the workers' compensation judge as to the amount of the bond fixed in accordance with law.

We recognize that as a practical matter, it is likely most employers would prefer to take a suspensive appeal because a bond is required regardless of whether the appeal is suspensive or devolutive. However, for purposes of determining jurisdiction over the appeal, there is nothing in the statute which prohibits employers from taking a devolutive appeal should they wish to do so.

La. C.C.P. art 2123 provides in relevant part: "A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
B. Whenever one or more parties file motions for a new trial or for judgment notwithstanding the verdict, the delay periods specified herein commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court."
* * *

1 La. Civ. L. Treatise, Civil Procedure § 14:10 (2d ed.)

Jackson v. Family Dollar Stores of Louisiana Inc. , 18-0170, 251 So.3d 368, 376-77 (La. 6/27/18).

A worker who is awarded benefits in a judgment has undeniably suffered some work-related injury and is potentially disabled. In crafting the statute, the legislature presumably recognized that delay can adversely impact the circumstances of a disabled worker who may be impecunious.

Practically speaking, I am unsure who would write such a bond, as it would presumably be immediately executable.

While I note the suspensive appeal of an employer cannot be "entertained" until the employer secures a bond approved by the workers' compensation judges, I would assume the workers' compensation judges would expeditiously discharge their statutory duties to avoid delaying the appeal. See La. R.S. 23:1310.5(C).

The legislature can, and has, shortened appeal delays. See, e.g., La. R.S. 18:1409. The fact that the legislature has chosen to do so in La. 23:1310.5(C), which applies in this case, renders irrelevant the general rule, cited in the additional concurring opinion, that the failure to perfect a suspensive appeal timely is not a jurisdictional defect because a judgment does not become final until after the devolutive appeal delays have run. The general rule simply has no application in this case where the language of the statute limits the appeal to a suspensive appeal.

"When district judges were removed as the tribunal of first instance for workers' compensation matters, it was necessary to insert into the Act some rudiments of an appellate process ....[s]ince the provisions of the Act are a bit sparse on appellate procedure, the cases have necessarily had to fill in some of the gaps. With very few exceptions these cases make the appellate process surrounding the rulings of the workers' compensation judge look very similar to the process governing ordinary civil matters, as to post-trial matters, the finality and appealability of judgments, time period for appeal, procedure in the appellate court itself, and other issues."
H. Alston Johnson III, 13 La. Civ. L. Treatise, Workers' Compensation Law and Practice § 391 (5th Ed.) (internal citations omitted)