| | | |
|---|---|---|
| SARAH ACKERMAN GILBERTI | * | NO. 2022-CA-0291 |
| | * | |
| VERSUS | * | COURT OF APPEAL |
| | * | |
| ERIC P. GILBERTI | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-08207, DIVISION "I-14"
Honorable Lori Jupiter, Judge
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Judge
Tiffany Gautier Chase)

Christy M. Howley
M. Elizabeth Bowman
BOWMAN & HOWLEY
629 Lafayette Street
Gretna, LA 70053

  COUNSEL FOR PLAINTIFF/APPELLEE

Stephanie A. Fratello
ATTORNEY AT LAW
3017 21st Street, Suite 211
Metairie, LA 70002

  COUNSEL FOR DEFENDANT/APPELLANT

          **APPEAL DISMISSED**

          **NOVEMBER 2, 2022**

JCL

EAL

TGC

This is a child support case. Defendant/appellant, Eric P. Gilberti ("Father"), appeals the November 5, 2021 judgment of the district court, which denied Father's motion for new trial relative to the court's December 18, 2020 judgment awarding child support to Sarah Ackerman Gilberti ("Mother").[1] For the reasons that follow, we find the appeal untimely and we dismiss for lack of jurisdiction.

The following dates are relevant to our analysis. After a hearing on December 9, 2020, the district court rendered judgment on December 18, 2020, setting the amount of child support and ordering garnishment of Father's wages to pay child support to Mother. The record contains a notice of signing of judgment, which is dated December 18, 2020. On January 5, 2021, Father filed a motion for new trial. A hearing went forward on August 24, 2021, and the district court

---

[1] While a motion for new trial is an interlocutory and non-appealable judgment, "our courts have consistently considered an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when, as here, it is clear from the appellant's brief that the intent is to appeal the merits of the case." *Wiles v. Wiles*, 15-1302, p. 2 (La. App. 4 Cir. 5/18/16), 193 So.3d 397, 398 (citations omitted).

1

rendered judgment on November 5, 2021 denying Father's motion for new trial.[2] The notice of signing of judgment is also dated November 5, 2021. Father then filed a motion for devolutive appeal on January 4, 2022.

Neither party raised the issue of whether this appeal is timely. Nevertheless, a court of appeal has a duty to examine *sua sponte* whether subject matter jurisdiction exists, even if the litigants fail to raise the issue. *Dooley v. CJ Johnson Home Improvement*, 22-0011, p. 3 (La. App. 4 Cir. 4/13/22), 338 So.3d 497, 499 (citing *Phipps v. Schupp*, 17-0067, p. 3 (La. App. 4 Cir. 7/19/17), 224 So.3d 1019, 1021-22). "Absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal." *Tennebaum v. LeCompte*, 15-0008, p. 2 (La. App. 4 Cir. 8/12/15), 173 So.3d 1185, 1185 (quoting *Falkins v. Jefferson Parish Sch. Bd.*, 97-26, p. 2 (La. App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006). Moreover, "[a]n untimely motion for a new trial does not stop the appellate delays from running." *Id.* (citing *First Nat. Bank of Commerce v. Boydell*, 03-0613, p. 3 (La. App. 4 Cir. 9/24/03), 857 So.2d 1115, 1117).

Accordingly, in keeping with its duty to examine subject matter jurisdiction, this Court issued two orders: an order to show cause in writing as to why the appeal should not be dismissed as untimely and a second order for supplemental briefing. Both parties filed responses in this Court.

---

[2] In response to the motion for new trial, Mother filed an opposition with incorporated exceptions of no cause of action, res judicata, and vagueness. Mother also filed a motion to compel discovery, which was set for hearing on the same date as the motion for new trial and Mother's exceptions thereto. In the November 5, 2021 judgment, the district court also granted Mother's exceptions in part, granted Mother's motion to compel discovery, and awarded unspecified attorney's fees and costs. Only issues of child support are raised in Father's appeal.

The Louisiana Code of Civil Procedure sets forth the relevant deadlines. During the time period at issue, La. C.C.P. art. 1974 provided that "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."[3] The delay for filing a devolutive appeal, as provided in La. C.C.P. art. 2087(A), is:

> …sixty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

However, expedited appeal deadlines exist for certain family law cases. Under La. C.C.P. art. 3943, "[a]n appeal from a judgment awarding, modifying, or denying custody, visitation, or support of a person can be taken only within the delay provided in Article 3942." Article 3942 provides the delay for taking an appeal from a judgment granting or refusing an annulment or divorce, which "can be taken only within thirty days from the applicable date provided in Article 2087(A)." La. C.C.P. art. 3942(A). Read together, these articles provide that an

---

[3] La. C.C.P. art. 1974 was amended by Acts 2021, No. 259, § 2 in the 2021 Louisiana legislative session and now contains slightly different language as follows: "A party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913." The comments to this amendment reflect that "[t]his Article has been amended to clarify that the delay for filing a motion for new trial is the same as the delay for filing a motion for judgment notwithstanding the verdict under Article 1811."

appeal from a judgment awarding child support can be taken only within the following deadlines:

(1)   where no timely motion for new trial is filed, thirty days from the deadline to file a motion for new trial (seven days, exclusive of legal holidays); or

(2)   thirty days from the date of mailing the court's denial of a timely filed motion for new trial.

The record on appeal reflects that the December 18, 2020 judgment awarding child support is accompanied by a notice of signing of judgment dated December 18, 2020. The date of December 18, 2020 appears a second time on the notice, which this Court typically identifies as the date of mailing. Father filed a motion for new trial on January 5, 2021, which was more than seven days after the date of mailing. Father's motion for new trial filed on January 5, 2021 was untimely because the time delay began to run on Monday, December 21, 2020 (the Monday after Friday, December 18, 2020), and the seven-day delay, exclusive of legal holidays, ended on Monday, January 4, 2021.

A recent Louisiana Supreme Court case, which overturned this Court's dismissal of an appeal, warrants due consideration by this Court. In *Schiff v. Pugh* ("*Schiff I*"), 21-0267 (La. App. 4 Cir. 12/8/21), --- So.3d ---, 2021 WL 5829954, *writ granted*, *decision vacated*, 22-00210 (La. 4/12/22), 335 So.3d 830,[4] the appellant's motion for new trial was filed after the seven-day deadline provided in La. C.C.P. art. 1974, which appellant argued was because he did not receive the

_____

[4] In this Opinion, when discussing the facts of *Schiff v. Pugh*, both on appeal to this Court and before the Louisiana Supreme Court, we refer to the case generally as "*Schiff*." When citing to the Fourth Circuit's holding, we cite to "*Schiff I*." When citing to the Louisiana Supreme Court's holding, we cite to "*Schiff II*."

judgment until the delay had already run. Appellant's attorney submitted an affidavit attesting to same in response to this Court's show cause order. *Id.*, 21-0267, p. 8, --- So.3d ---, ---, 2021 WL 5829954, *4. This Court found the motion for new trial untimely and dismissed the appeal for the following reasons:

> The trial court signed its judgment on November 25, 2020. The record includes a certificate of notice of signing of judgment to all parties that indicates the mailing date as November 25, 2020, with a signature of the law clerk rather than the minute clerk.[footnote omitted[5]]. Mr. Schiff's counsel attests in an affidavit that he did not receive the notice of signing of judgment until December 9, 2020, by which time the seven-day delay for filing a motion for new trial had already expired. As in the case of *Beagle* [*v. Beagle*, 95-168 (La. App. 3 Cir. 5/31/95), 657 So.2d 422], Mr. Schiff acknowledges that the notice was mailed and received, and he presents no evidence that the notice was not mailed by the Clerk of Court or to contradict the date of mailing on the certificate filed in the record. Mr. Schiff argues only that the signature of the law clerk rather than the minute clerk is inadequate to certify that the notice of judgment was mailed on the date that is indicated.

*Id.*, 21-0267, pp. 8-9, --- So.3d ---, ---, 2021 WL 5829954, *4.

However, the Supreme Court granted writs, vacated this Court's dismissal, and reinstated the appeal in a *per curiam* opinion, stating, in relevant part:

> …Unless the ground urged for dismissal is free from doubt, the appeal should be maintained. *Jackson v. Family Dollar Stores of Louisiana Inc.*, 2018-0170 (La. 6/27/18), 251 So.3d 368, 372; *U.S. Fire Insurance Co. v. Swann*, 424 So.2d 240, 244-45 (La. 1982).
>
> Based upon our review, we find the grounds cited by the court of appeal for dismissal of the appeal are not

---

[5] Footnote 5 in this Court's opinion reads: "Two dates appear on the certificate of notice of signing of judgment, one indicating the date on which the judgment was signed and, below it, a second indicating the date of mailing. In this case, the judgment was signed and mailed on the same date, November 25, 2020."

> free from doubt. The court of appeal therefore erred in dismissing the appeal.

*Schiff v. Pugh* ("*Schiff II*"), 22-00210, p. 1 (La. 4/12/22), 335 So.3d 830, 830.

We note similarities between the notice of signing of judgment in *Schiff* and in the matter *sub judice*. In particular, the bottom of each notice contains two dates. The first date is labeled as the date the judgment was signed. The second date is underlined and appears after the words "New Orleans, Louisiana." As noted by Judge Jenkins in her concurrence, the second, underlined date "is considered by this Court as the date of mailing of notice of judgment when screening appeals for timeliness" though it is not labeled as "Place and Date of Mailing." *See Schiff I*, 21-0267, --- So.3d ---, 2021 WL 5829954 (Jenkins, J., concurring). Each notice also lists addresses of counsel of record, and next to each address, the word "mailed" is written. Each notice is signed by a "law clerk" rather than a "minute clerk."

However, one key distinguishing factor is present. Schiff, in support of his claim of timeliness, submitted his attorney's affidavit attesting under oath that said attorney had not received the judgment on appeal as of the time he filed the motion for new trial. Here, however, Father failed to come forward with any such evidence. Instead, through his current counsel, Father pointed to the motion for new trial filed on Father's behalf by prior counsel, where in the body of the motion, prior counsel stated that he had not received the child support judgment as of the filing of Father's motion for new trial. No affidavit by prior counsel appears in the record or was produced in response to this Court's show cause order. As this

Court often recognizes, argument of counsel is not evidence. *Hous. Auth. of New Orleans v. King*, 12-1372, p. 4 (La. App. 4 Cir. 6/12/13), 119 So.3d 839, 842.

In the absence of any countervailing evidence by Father, we find no reason to question that the date set forth on the December 18, 2020 notice of signing of judgment is the date of mailing. We do not read *Schiff* so broadly as to find that the notice of signing of judgment lacks evidence of a date of mailing. Had the *Schiff* court intended to make such a finding, or to hold that the notice fails to comply with La. C.C.P. art. 1913[6] on any basis, the Louisiana Supreme Court would have so held. It did not, and its opinion is silent as to what specifically created doubt as to untimeliness. We find *Schiff* distinguishable as the appellant therein disputed the date of mailing by producing sufficient evidence of delayed receipt of the

---

[6] La. C.C.P. art. 1913 governs notice of signing of judgment and provides:

> A. Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.
>
> B. Notice of the signing of a default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exception, answer, or other pleading, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served through the secretary of state, by service on the secretary of state.
>
> C. Except when service is required under Paragraph B of this Article, notice of the signing of a default judgment shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant.
>
> D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
>
> E. Repealed by Acts 2008, No. 824, § 5, eff. Jan. 1, 2009.

judgment on appeal, while no party to this case has done so.[7] As such, the motion for new trial is untimely on its face and did not stop the appellate delays from running. Father had thirty days to appeal the judgment awarding child support once the period for filing a motion for new trial expired. *See* La. C.C.P. arts. 3942, 3943, 2087(A). The January 4, 2022 motion for devolutive appeal was filed eleven months after the thirty-day delay for filing an appeal. Thus, Father's appeal is untimely.

Moreover, Father's appeal was untimely for an additional reason: the January 4, 2022 motion for appeal was filed sixty days, not within thirty days, after the November 5, 2021 mailing of the denial of Father's motion for new trial. The underlying judgment on appeal is an award of child support, and the only issues Father addresses in his appeal are child support. The expedited deadlines provided in La. C.C.P. arts. 3942 and 3943 must be applied. Thus, even if this Court were to construe the motion for new trial as timely, which it does not, Father failed to file a motion for appeal within thirty days of mailing the notice of signing of judgment.

In his initial response to this Court's show cause order, Father conceded that the November 5, 2021 denial of his motion for new trial "was mailed on November

_____

[7] We find the cases on which Father relies distinguishable. In *Argence L.L.C. v. Box Opportunities, Inc.*, 07-0765, p. 6 (La. App. 4 Cir. 3/13/08), 980 So.2d 786, 790, the record lacked any notice of singing of judgment. Also, we gather little guidance from *Penalber v. Blount*, 405 So.2d 1376, 1377 (La. App. 1st Cir. 1981), wherein the record contained one notice of judgment, which was dated nine months after the judgment and lacked a date of mailing; from these minimal facts, we are unable to determine whether any similarity exists between this notice of judgment and the one at issue in the instant appeal. Moreover, the remaining cases generally stating that "appeals are favored in the law" and "[u]nless the ground urged for dismissal is free from doubt, the appeal should be maintained" do not involve facts similar to this matter. *See Jackson, supra* at 372; *Swann, supra* at 244; *Chauvin v. Shell Oil Co.*, 17-43, p. 1 (La. 3/31/17), 214 So.3d 855, 855; *Shell Pipeline Corp. v. Kennedy*, 00-3207, p. 4 (La. 10/16/01), 799 So.2d 475, 478; *General Motors Acceptance Corp. v. Deep South Pest Control Inc.*, 247 La. 625, 173 So.2d 190, 191 (1965).

5, 2021." Only in response to this Court's subsequent order for supplemental briefing did Father raise for the first time a new and contrary legal argument as to his interpretation of *Schiff, supra*. According to Father's supplemental brief, his appeal must be presumed timely because the November 5, 2021 notice of signing of judgment provides no proof of mailing and thus no way to discern when the appeal delay began. Still, he never represents that he did not receive the November 5, 2021 notice of signing of judgment, let alone come forward with any evidence that it was mailed on any other date. Like the December 18, 2020 notice, the bottom of the November 5, 2021 notice contains two dates: the first, which is labeled as the date the judgment was signed, and the second, which is underlined and appears after the words "New Orleans, Louisiana." For the reasons described herein, we reject Father's argument and we find no evidence of record to dispute that the judgment denying the motion for new trial was mailed on November 5, 2021. The motion for appeal was filed more than thirty days thereafter and is thus untimely.

Consequently, without a timely motion for appeal, this Court lacks jurisdiction over the instant appeal. For the foregoing reasons, the appeal is dismissed.

**APPEAL DISMISSED**